J. P. EVANS V. J. S. HURT AND OTHERS.

1. In a controversy respecting boundaries, declarations of disinterested parties, since deceased, who were in a position to know the line, are competent evidence.

2. Declarations of a former owner, since deceased, who, while in possession of and claiming the land, pointed out his corner and line to the deposing witness, are evidence of the boundary in behalf of parties claiming under him. See the opinion of the court for authorities in support of this proposition.

APPEAL from Washington. Tried below before the Hon. I. B. McFarland.

The titles of both of the parties litigant, to their respective and coterminous tracts, were derived by mesne conveyances from James Lynch, the original grantee, of whose headright league the tracts in question were parts. Martin Lynch, who pointed out the disputed line to the witnesses Lockhart and Cabler, was a son of James Lynch. Gay, the other deceased party whose declarations were offered, was a purchaser from James Lynch of that portion of the league now claimed by Evans, the appellant, who claimed under Gay by mesne conveyances, and in whose behalf Gay's declarations were offered. The opinion of the court indicates the other material facts.

XXXIV—7

*Sayles & Bassett,* for the appellant.—The declarations of James and Martin Lynch, the first shortly after the land was conveyed to Gay and Crosby, and the latter made prior to 1844, are admissible as hearsay. (Boardmen v. Reed, 6 Peters, 341; Queen and Child v. Hipburn, 7 Cranch, 290; Bladen's Lessee v. Cockey, 1 Har. & McHen., 230; Long's Lessee v. Peters, Id., 531; Weems's Lessee v. Disney, 4 Har. & McHen., 156; Sturgen's Lessee v. Waugh, 2 Yeates, 210; Blythe v. Sutherland, 3 McCord, 258; Smith v. Nowells, 2 Litt. R., 159.)

In Blythe v. Sutherland, 3 McCord, 258, the rule is stated most strongly for the plaintiff in this case. To the same effect are Caufman v. Prest. Con. of Cedar Spring, 6 Bin., 59. In Hamilton v. Minor, 2 Serg. & Rawle, 70, the plaintiff claimed the *locus in quo* under a survey in 1785, and the defendant under a survey in 1786. The defendant was permitted to prove that in 1786 D., deceased, had shown a boundary line between the *locus in quo* and his (D.'s) tract; and had also shown a walnut tree as the common corner of these surveys, one for D. and another for S. and F.

In Speer v. Crate, 3 McCord, 229, it is said: "It cannot be doubted at this day that the declarations of deceased persons, who should appear to have been in a situation to possess the information, should, on a question of boundary, be received in evidence. (See, also, Harris v. Powell's Heirs, 2 Hayw., 349; Beard's Lessee v. Talbot, 1 Cooke, 142.)

*J. D. & D. C. Giddings,* for the appellee.

WALKER, J.—The controversy in this case is about boundary lines.

The charge of the court to the jury instructing them that the declarations of Thomas Gay, made to Horatio Chrisman, and that of Martin Lynch, testified to by Lockhart and Cabler, and

the declarations of James Lynch, could not be received in evidence, was erroneous.

And the instruction that the declarations of a deceased person, who was in a position to possess the information and was not interested, are competent evidence on the question of boundary was a contradiction in terms to that part of the charge which peremptorally excluded so much of the evidence as came from the declarations of deceased persons; and whether it was intelligible to the court or not, we think it dealt too much in abstractions for the comprehension of the jury. Welder v. Hunt, decided at the present term of the court, is authority in this case; most of the authorities cited in appellant's brief, are pertinent to the case.

The declarations of Gay, who in 1838 pointed out to Chrisman his corner trees and line, are admissible as a part of the *res gestæ*. In Redding's Lessee v. McCubbin, 1 Har. & McHen., 368, it was held that hearsay declarations of D. and his wife, made while they were in possession and after a dispute had arisen between them and the adverse claimants, were admissible, in evidence, in favor of one claiming under D. and wife, according to the very boundaries to which their previous declarations relate.

The same principle is settled in Doe v. Arkwright, 5 Carr. & Payne, 575; Jackson v. Vanderburgh, 1 Johnson, 158; Bennett v. Heflington, 16, Serg. & Rawle; Smith v. Morrow, 7 Monroe, 234, 236.

In Martin v. Simpson, 4 McCord, 262, Wane, who had conveyed to defendant, had, while in possession, cut logs and asserted a claim to a certain line. Such assertions of right were received in favor of his own grantee. The declarations of James and Martin Lynch should have been received in evidence upon the numerous authorities cited in appellant's brief, and it was error to withhold them from the jury. The judgment of the district court is therefore reversed, and the cause remanded, to be proceeded in in accordance with this opinion.

Reversed and remanded,