## W. P. WHITMAN v. SAMUEL HAYWOOD.

### No. 6421.

1. **Ancient Boundaries—Declarations.**—A survey was made in 1847. In 1848 an adjoining survey was made calling for the northwest corner, west line, and southwest corner of the older survey. The older survey calls for its northwest corner "a post from which an elm marked X bears east 20 varas." A dispute arose about the identity of the elm called for, there being two trees answering the call. In 1857 owners of both surveys made declarations as to one of the trees being that called for. In 1887, in a trial involving the west line of the first survey, it being shown that both the parties making the declarations in 1857 were dead, *held*, that the said declarations were competent evidence and were properly admitted.

2. **Probate of Will—Collateral Attack.**—Where a will has been probated in a court having jurisdiction the production of a certified copy of the order of probate is conclusive to the probate. In a collateral proceeding it can not be shown that the probate was irregular, nor authorized by the testimony produced to support the order of probate.

APPEAL from Fannin. Tried below before Hon. H. O. Head.
The opinion gives a statement.

*Woods & Brown*, for appellant. — 1. The constituent facts necessary under the statute to the due execution of a will must exist at the time and must be made to appear by the proof before the instrument can be recognized as a valid will and admitted to probate. O. & W. Dig., arts. 2116, 699; Tynan v. Paschal, 27 Texas, 296.

2. The proof taken and recorded by the court in support of the probate of the will failing to show the facts necessary to the due execution of said will, the court was without jurisdiction and did not have the power

to admit the same to probate. Tynan v. Paschal, 27 Texas, 296; Horan v. Wahrenberger, 9 Texas, 313; Mitchell v. Runkle, 25 Texas Supp., 136; Withers v. Patterson, 27 Texas, 491; Walker v. Myers, 36 Texas, 251; Easley v. McClinton, 33 Texas, 294; 3 Redf. on Wills, 58.

3. The Probate Court is a court of limited jurisdiction and derives its power to act from the statute, and no presumption can be indulged to sustain its jurisdiction, but the same must appear of record.

4. The proof before the court at the probate of the will failing to show that the facts existed at its date which rendered it valid under the statute, the will and proof thereof and probate are inadmissible as links in the chain of title against a third person not claiming under it.

5. The declarations of a vendor made after sale, and not in the presence of the vendee, are hearsay and inadmissible in evidence to defeat the vendor's title. Thompson v. Herring, 27 Texas, 282; Grooms v. Rust, 27 Texas, 231; Carleton v. Baldwin, 27 Texas, 573; Garrahy v. Green, 32 Texas, 203; Reed v. Herring, 37 Texas, 160; Hinson v. Walker & Co., 65 Texas, 106.

6. Declarations as to boundaries admissble in evidence are such as are made by disinterested persons since deceased and shown to be in a position to possess the information on the subject. Stroud v. Springfield, 28 Texas, 649.

*Jenkins & Pearson* and *Abernathy Brothers*, for appellee.—1. The Probate Court of Collin County which probated the will of Thomas Boren was a court of general jurisdiction so far as the probating of the will is concerned, and its judgment probating said will is not subject to collateral attack. Pasch. Dig., art. 1262; O. & W. Dig., art. 699; Guilford v. Love, 49 Texas, 740; Williams v. Ball, 52 Texas, 608.

2. As a general rule the law presumes that a domestic court of general jurisdiction had power to make a judgment rendered by it unless the contrary is shown by the record; and a judgment so rendered can not be attacked collaterally when the record is silent. Fitch v. Boyer, 51 Texas, 344; Johnson v. Wilcox, 53 Texas, 421; Guilford v. Love, 49 Texas, 715.

3. Declarations of deceased persons as to location of ancient boundaries are admissible in evidence, whether the persons were interested or disinterested, when the declarations were made before any dispute arose and were made by parties who were in a position to know whereof they were speaking. Hurt v. Evans, 49 Texas, 316; Evans v. Hurt, 34 Texas, 111; Stroud v. Springfield, 28 Texas, 666; Linney v. Wood, 66 Texas, 30; Clark v. Hills, 67 Texas, 152.

HENRY, Associate Justice.—This suit was brought by appellee to recover a tract of land alleged by him to be part of the R. P. Murray survey. The defendant claimed that the land in controversy was part of the

Susannah Walker survey. The controversy was as to where the boundary line between the two surveys was situated.

The patent for the R. P. Murray survey was dated the 18th day of November, 1845. The Susannah Walker survey was patented on the 1st day of August, 1848, and includes a call for the R. P. Murray northwest corner, and also for its western line and southwest corner. The patent for the Murray survey calls for its northwest corner at "a post from which an elm marked X bears east 20 varas."

The difficulty is to determine which one of two elms situated some distance apart on the same line east and west from each other is the true one.

The plaintiff (Haywood) claimed under one Thomas Boren, while the defendant claimed under one John D. Nelson. About the year 1857, when Boren owned the Murray survey and Nelson owned part of the adjoining or Walker survey, and thus had an interest in the situation of the dividing line between the two surveys, but after he (Nelson) had sold the land in controversy, both Boren and Nelson made statements that the western elm was the true corner. The statement of neither one was made in the other's presence.

At the date of the trial both Boren and Nelson were dead, and the court permitted plaintiff to prove their declarations over the objections of defendant.

It is contended that the court erred in admitting the testimony, for the following reasons:

"1. The same is hearsay.

"2. It was not shown that said Boren and Nelson or either of them were at the time in a position to know the locality of the corner of said surveys nor their dividing line.

"3. It was shown that at the time the declarations were made by John D. Nelson he had sold the land in controversy to Morgan & Young.

"4. It is not shown that Morgan & Young, under whom defendant claims, nor either of them, were present.

"5. It is not shown that either defendant or his immediate or remote vendors were either present or had any notice thereof prior to their purchase."

In the case of Linney v. Wood, 66 Texas, 30, it is said by Chief Justice Willie: "In reference to such matters as boundaries of lands surveyed long ago, the signs of which have been destroyed and the location of which is not within the memory or knowledge of living men, many facts tending to solve the question as to their true location are permitted to go to the jury which the rules of evidence would exclude in other cases. Hence the declarations of deceased persons are received."

In the case of Hurt v. Evans, 49 Texas, 316, it was held that the statements of a former owner of the land were admissible, Chief Justice Roberts saying: "Surely if the declarations of deceased persons in reference

to ancient boundaries of lands are admissible at all, as it has been held by this court, those of James Lynch, the grantee of the land, who lived on his league and sold all three of these tracts, would be of the very highest authority, having been made when he had no interest whatever in favor of one or the other party."   Stroud v. Springfield, 28 Texas, 665; Evans v. Hurt, 34 Texas, 111.

Considering the age of the surveys, the fact that better or more direct evidence can not now be had, the fact that the owners of the conflicting interests both made the same declarations more than thirty years before the trial and their subsequent deaths, united to the facts that when the declarations were made no controversy existed with regard to the corner and that no motive is apparent for a misstatement then, we think the court acted correctly in admitting the evidence.

The will of Thomas Boren, with an order of the County Court admitting it to probate, were read in evidence by plaintiff. It is contended that the court erred in admitting the will in evidence; because—

"1.   There is no sufficient proof of the same.

"2.   Said proof does not show that said Boren was of sound mind at the time of signing.

"3.   Said proof does not show that said Boren was dead at the date of probate.

"4.   It was not shown that the subscribing witnesses were over fourteen years of age at the date of the will."

All that was required was to show that an order for the probate of the will was made by a court having jurisdiction to make the order. If the evidence was not sufficient to authorize the judgment the only way to avoid its effect was to pursue the remedies prescribed by the statute for that purpose. In a collateral proceeding the evidence upon which the will was established will not be considered, however defective it may seem.

The judgment is affirmed.

*Affirmed.*

Delivered June 3, 1890.