### JEWEL NICHOLS V. THE STATE.

No. 18906.   Delivered May 5, 1937.
State's Rehearing Denied November 24, 1937.

The opinion states the case.

*Taylor, Muse & Taylor,* of Wichita Falls, for appellant.

*Louis T. Holland,* County Attorney, *Homer B. Latham,* of Bowie, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of theft of cattle, and his punishment was assessed at confinement in the state penitentiary for a term of two years.

Appellant was charged by indictment with the theft of thirteen head of cattle from T. R. Copeland. The only question presented for our consideration is the sufficiency of the testimony to sustain the conviction.

The record discloses that Copeland had some cattle which he desired to sell; that on the morning of October 21 appellant went to the home of Copeland, inspected the cattle, and agreed to buy them. The price agreed upon was $440.00 for the entire thirteen head, six of which were stocker cattle, four were Jersey cows, and three were calves. Appellant went home and secured the services of a truck driver to haul the cattle for him. They went to the home of Copeland in the afternoon where Copeland had the cattle in a pen and loaded them with the assistance of Copeland; that after the cattle were loaded and taken away from Copeland's premises the appellant called Copeland aside and told' him that he did not have the money then to pay for the cattle, but had made arrangements to have the money in the bank at Bowie, Texas, on the following morning. Copeland then told the appellant that the cattle were still his, Copeland's, cattle until they were paid for. Appellant had the four cows taken to his home and the balance of the cattle taken to Fort Worth and sold. Unfortunately for appellant the cattle brought much less on the market at Fort Worth than he had agreed to pay for them. Appellant failed to put any money in the bank at Bowie, Texas, as he had promised to do. Copeland went to see him on the following Saturday, but failed to find him at home. On the following Monday they met at the town of Henrietta and Copeland demanded the money for the cattle. Copeland then and there threatened appellant with criminal prosecution and on the same afternoon appeared before the

grand jury of Montague County which resulted in an indictment being returned against appellant for the offense of theft. The court instructed the jury as follows:

"If you believe 'from the evidence beyond a reasonable doubt that the defendant in Montague County, Texas, on or about the 21st day of October, 1936, obtained possession of the cattle in question from T. R. Copeland and that the defendant so obtained possession of said cattle from said Copeland by a false pretext and with the intent on the part of the defendant then and there to deprive the owner of the value thereof and to appropriate the same to his own use and benefit and that the defendant did so appropriate the same and that the said T. R. Copeland was the owner of and in possession of said cattle, then you will find the defendant guilty as charged in the first count in the indictment and assess his punishment at confinement in the penitentiary for not less than two nor more than four years. But if you do not so believe from the evidence beyond a reasonable doubt, you will acquit the defendant."

He further instructed the jury:

"That if you believe that the defendant did not have the intent at the time that he obtained possession of the cattle, if he did so, to appropriate them to his own use and benefit or did not use a false pretext at the time he obtained said cattle or that he did not appropriate the same to his own use and benefit or if you have a reasonable doubt as to whether this is true, you will acquit the defendant."

It is obvious from the foregoing instruction that the case was submitted to the jury under article 1413, Penal Code, which provides that if the property came into the possession of the person accused of theft by lawful means, the subsequent appropriation of it is not theft, but if the taking, though originally lawful, was obtained by any false pretext, or with any intent to deprive the owner of the value thereof, and appropriate the property to the use and benefit of the person taking, and the same is so appropriated, the offense of theft is complete. In order to constitute theft under the foregoing article of the statute it must be made to appear from the testimony that the property was obtained by a false pretext or with an intent to deprive the owner of the value thereof and to appropriate the property to the use and benefit of the person taking it. If any false pretext is used for the purpose of obtaining possession of the property, it must be the inducing cause for the surrender of possession thereof. Any subsequent false pretext or misrepresentation would not bring the

case within the meaning of the statute. In the case under consideration the testimony shows that Copeland offered to sell and appellant agreed to buy the thirteen head of cattle. The price was agreed upon, but nothing was said about when the payment was to be made until after the cattle had passed from the possession of Copeland to the appellant and were on their way to their destination. Hence it is obvious that no false pretext was used by the appellant prior to or at the time that he obtained possession of the cattle. See Segal v. State, 265 S. W., 911.

Believing the evidence is insufficient to sustain the conviction, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, JUDGE.—After a careful review of the record and the motion for a rehearing filed by the State, we are constrained to hold that the original opinion herein states the law and arrives at the proper conclusion in disposing of this appeal.

The motion for a rehearing is accordingly overruled.

*Overruled.*