PAUL PARKS v. THE STATE.

No. 22318. Delivered December 9, 1942.

The opinion states the case.

*E. A. Bills,* of Littlefield, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is theft, a misdemeanor. The punishment assessed is confinement in the county jail for one day and a fine of $100.00.

The indictment in this case contains two counts, in the first of which appellant was charged with theft of produce from R. L. Brown by means of false pretense. In the second count he was charged with having obtained possession of said property by virtue of a contract of bailment, etc. The court submitted the case to the jury on the first count alone.

Appellant challenges the sufficiency of the evidence to sustain his conviction of theft. We think his contention is correct and must be sustained. The undisputed evidence shows that R. L. Brown resided in Bailey County, Texas; that he was engaged in growing vegetables, such as tomatoes, peppers, opinons, etc., but maintained an office in town where he was occupied during the day; that he had appellant employed at a salary of $25.00 per week to gather, cull, pack, ship and sell the produce. It further appears from the record that by reason of an unusual amount of rain the produce had become water-soaked and much of it was spoiling. Therefore it was rather difficult to dispose of it in that section of the State. As a result of said conditions, appellant suggested to Mr. Brown that perhaps he could sell some of the produce at San Antonio and asked Mr. Brown to permit him to take a truck load there. Mr. Brown agreed to this and suggested to appellant that he get Morris Douglas to haul the produce. Appellant endeavored to engage Mr. Douglas to haul the vegetables, as he had been requested to do, but Mr. Douglas, who was otherwise engaged, declined to do so, whereupon appellant got in touch with Nolan Snyder and made arrangements with him to haul it; that by the time they reached San Antonio much of the produce had decayed and was not salable; that after separating the good

from the bad, the proceeds of the sale of that which was salable was not quite sufficient to defray the expenses incurred. Consequently there was no money left to be turned over to Mr. Brown.

It will be noted that the alleged false pretext relied upon by the State is the fact that appellant procured Nolan Synder to haul the produce instead of Morris Douglas. Brown, the owner, was perfectly willing that appellant take the produce in question to San Antonio and sell it. However, he wanted Morris Douglas to haul it. The fact that appellant had another party to haul the produce instead of the one selected by Brown is not, in our opinion, the pretext by which appellant obtained possession of the vegetables and the authority to dispose of the same. There is nothing in the evidence to show that if Douglas had hauled the produce Brown would have fared any better. It occurs to us that in order to sustain a conviction for theft by false pretense it must appear from the evidence that the false pretext was the inducing cause which moved the injured party to surrender to the accused the property in question. We think that the case of Nichols v. State, 109 S. W. (2d) 1057, sustains the views herein expressed.

Having reached the conclusion that the evidence does not justify the conviction, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.