**CLARK v. BARR.**

**No. 15235.**

Court of Civil Appeals of Texas.

Fort Worth.

April 13, 1951.

Rehearing Denied May 11, 1951.

White & Yarborough, of Dallas, for appellant.

B. M. Bates, of Dallas, for appellee.

CULVER, Justice.

This suit was filed by appellant Thelma C. Clark in the District Court of Dallas County in 1946, in the nature of a trespass to try title action against Alice Barr, the appellee. Appellant alleged that she was the only child of Floyd Barr, deceased, and upon his death in 1942, she inherited the house and lot in question. Appellee answered and at a later date filed a motion for summary judgment. The court sustained this motion and entered judgment that the plaintiff take nothing

In the affidavits filed in support of the motion, the affiants asserted that they were well acquainted with Floyd Barr during his lifetime, that prior to his death they witnessed his will in due form and that at the time of the making of the will the said Floyd Barr was, in their opinion, of sound mind and memory and in full control of his faculties. In addition, there were offered certified copies of the last will and testament of Floyd Barr, and of the order probating the same as of January 16, 1945.

In her first two points, appellant complains that the trial court erred in entering summary judgment for the defendant without hearing evidence and without a trial by jury. The purpose of the rule providing for summary judgment is to expedite the final determination of a case where there are no material issues of fact. Rule 166–A, Texas Rules of Civil Procedure. If, upon a consideration of the affidavits and other proof offered, the court determines that there are no disputed facts, then summary judgment is in order. Toe-belman v. Missouri-Kansas Pipe Line Co., 3 Cir., 130 F.2d 1016. These two points are overruled.

In his third point, appellant asserts that error was committed in holding that plaintiff in the trespass to try title suit was bound by order of the county court which admitted the will to probate as a muniment of title only, and his last point that it was error for the court to hold, "that the county court would be the proper forum for trying title to real estate." We think neither of these points has any merit. Certainly there is no room to argue that the county court has jurisdiction of a suit involving title to real estate because the statutes vest exclusive jurisdiction of such suits in the district court. Vernon's Ann. Civ.St. art. 1906. It does not appear, however, that the district court made any such holding. The only question before the court on this hearing was whether or not there was any fact issue to be tried. Ramsouer v. Midland Valley R. Co., D.C., 44 F.Supp. 523. It having been shown that the last will and testament of the deceased, Floyd Barr, devising all of his property to his wife, Alice Barr, the appellee, was admitted to probate and no appeal from such final order having been taken, there appear to be no disputed facts and the issue becomes one solely of law.

Appellant cannot collaterally attack the judgment of the probate court in the district court in this case as she seeks to do. " 'After the will has been duly probated by the judgment of a court of competent jurisdiction, it cannot be attacked and set aside in a collateral proceeding.' 'The order of a probate court admitting a will to probate is a judgment in every essential sense, and if there appears upon the face of the record the elements of validity it is immune from collateral attack as any other judgment.' " 44 Tex.Jur. 783. See cases cited. See also Whitman v. Haywood, 77 Tex. 557, 14 S.W. 166. The probate court's order recited that no administration on the estate was necessary and that the will was admitted to probate "as a muniment of title only." This does not render the order any the less final or ef-

fective. Tapp v. Tapp, Tex.Civ.App., 134 S.W.2d 683. In White v. White, 142 Tex. 499, 179 S.W.2d 503, 505, it is said, "Although a will may not be used as evidence of title until it has been probated, after it is admitted to probate it becomes a muniment of title until set aside in some lawful manner." Again, in the same case, "In order for a collateral attack to be successful the record must affirmatively reveal the jurisdictional defect." In this case the judgment of the probate court appeared regular on its face and no attempt was made by appellant to show any irregularity or defect.

The appellee was entitled to a summary judgment as a matter of law and the trial court's judgment is affirmed.