**ARLINGTON HEIGHTS APPLIANCE CO.**
**v. GORDON et al.**

No. 15299.

Court of Civil Appeals of Texas.
Fort Worth.

Dec. 7, 1951.

Joe Spurlock and Denning Schattman, both of Fort Worth, for appellant.

Garrett Middlebrook, of Fort Worth, for appellees.

RENFRO, Justice.

The Arlington Heights Appliance Company, appellant, brought suit against Sam Gordon and W. E. Pope, appellees, for the possession of two television sets. From a summary judgment in favor of appellees, appellant prosecutes this appeal.

The appellant alleged that appellees came into possession of the television sets through a thief, one Vincent, who had procured the sets by means of false pretense and that appellees had entered into a conspiracy with Vincent to gain possession of the sets through fraud.

Appellant presents seven points of error. They all allege error on the part of the court in holding that no disputed material fact or facts were to be determined by the court or a jury, hence, we will discuss the points generally.

We are of the opinion that the testimony of appellant, through its president, precludes recovery of possession of the television sets under the theory of theft by false pretense. The witness testified substantially as follows: He had had several dealings with Vincent; on November 25, 1949, he sold the set which Gordon now has to Vincent for $131.85 cash and a post-dated check due January 2, 1950, for the balance due; based on that consideration he delivered the set to Vincent; he knew at the time that Vincent was going to take the set and sell it to some purchaser and that Vincent told him he would pay the amount represented by the check between the date of the purchase and the date on the post-dated check; it was agreeable with him for Vincent to take the set under that agreement; the set now in possession of Pope was sold under the same agreement, but with different dates involved; he did not deny that he passed total title and possession to Vincent; after he learned appellee Gordon had one of the sets, he made no attempt to pick it up because he did not consider that he had any interest in it; he did not retain a chattel mortgage and of course did not record any such mortgage; except for the fact Vincent told him he would pay for the set between November 25, 1949, and January 2, 1950, no statements made by Vincent were untrue. It was his intent at the time to pass title to Vincent.

In our opinion, the appellant failed to make out the necessary elements of

theft by false pretense on the part of Vincent. Hernandez v. State, 20 Tex.App. 151; Stokeley v. State, 24 Tex.App. 509, 6 S.W. 538; Taylor v. State, 64 Tex.Cr.R. 157, 141 S.W. 949; Higginbotham-Bartlett Co. v. Powell, Tex.Civ.App., 270 S.W. 193; 41 Tex.Jur. p. 68, Sec. 46. The testimony of appellant shows that it extended credit to Vincent and the transaction was no more than a sale on credit. The trial court did not err in holding that no material fact was developed to be determined by court or jury on the issue of theft by false pretense.

Under its allegation of conspiracy between the appellees and Vincent, appellant presented evidence that on or about November 13, 1949, some mens' suits were stolen from Barnes & Son Department Store and were located in appellee Gordon's warehouse about December 17th; appellees had paid Vincent at least a part of the purchase price of the television sets prior to the time the suits of clothes were discovered in Gordon's warehouse. There is no evidence, however, that appellee Gordon knew prior to December 20th the suits he had purchased from Vincent were stolen and no evidence that appellee knew of the suit theft prior to the purchase of the television. Both appellees testified positively that Vincent represented himself to them as a big dealer from Kansas City, and that the televisions sets were from a bankrupt stock from Beaumont, Texas. There is nothing in the record to indicate that appellees had ever heard of appellant prior to the arrest of Vincent on the clothing theft charge. The only evidence of any connection between Vincent and the appellees was the fact that he at several times visited their respective stores and had sold to appellee Gordon the suits of clothes heretofore mentioned and had sold appellees the television sets involved. Appellee Pope, so far as the record shows, had nothing to do with the purchase of the stolen clothes from Vincent.

 The appellant having wholly failed to connect appellees with any conspiracy to defraud the appellant of the television sets, the court properly held there was no disputed material fact to be determined by court or jury.

 The same evidence presented on a trial of the merits would have warranted or required the court to grant an instructed verdict for the appellees.

Such being the case, a summary judgment for appellees was proper. Clark v. Barr, Tex.Civ.App., 239 S.W.2d 114; Fonville v. Southern Materials Company, Tex. Civ.App., 239 S.W.2d 885; Fowler v. Texas Employers' Insurance Association, Tex.Civ.App., 237 S.W.2d 373, writ refused; De La Garza v. Ryals, Tex.Civ. App., 239 S.W.2d 854; Rule 166-A, Texas Rules of Civil Procedure.

Judgment of the trial court is affirmed.