C. W. BUTLER, Jr., Appellant,

v.

CROCKETT PRODUCTION CREDIT ASSOCIATION, Appellee.

No. 15819.

Court of Civil Appeals of Texas.

Fort Worth.

May 24, 1957.

Rehearing Denied June 21, 1957.

RENFRO, Justice.

On April 13, 1956, the appellee, Crockett Production Credit Association, filed suit on a note and for foreclosure of a deed of trust. Defendants were appellant, C. W. Butler, Jr., and his estranged wife, Allie Maude Butler. The defendants answered separately, with general denials. The case was set for trial on August 6th, and on motion of appellant a continuance was granted. On September 1st appellee filed a motion for summary judgment. After two postponements had been granted on request of appellant, the motion for summary judgment was heard on September 24th and judgment rendered for appellee. Defendant Allie Maude Butler did not contest the motion for summary judgment.

In opposition to the hearing on the motion for summary judgment, appellant filed affidavits by a doctor and by his attorney. The affidavit by the doctor was in effect that appellant was in such an agitated and confused mental state he was unable to confer with his attorney "without becoming most upset and more confused." Appellant's attorney filed an affidavit, which set out that although appellant discussed all his other troubles, business and domestic, he could not, because of his mental state, discuss his defense of "this suit" or reply to inquiries touching upon the credits "if any there be" to which he was entitled.

Neither in the pleadings nor in the affidavits did appellant ever swear or allege that he had or might have a defense to appellee's suit. It was conceded by appellant that facts did not exist which would justify appointment of a guardian to represent him. Appellee filed an affidavit showing appellant transacted business concerning other deeds of trust on at least two occasions since the instant suit was filed, one of such transactions being subsequent to the time appellee filed its motion for summary judgment.

Kennedy & Granberry and F. P. Granberry, Crockett, for appellant.

Adams & Price and Tod R. Adams, Crockett, for appellee.

Under the provisions of Rule 166–A, par. (f), Texas Rules of Civil Procedure, should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court *may* refuse the application for judgment or *may* order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or *may* make such other order as is just.

In the instant case only the appellant, and perhaps his wife, knew whether or not he had a defense to the suit. It is undisputed appellant was attending to other business while the motion was pending. It is undisputed that he discussed other business matters with his attorney during such time. The affidavits do not disclose any effort on appellant's part or on the part of his attorney to ascertain from his co-defendant any facts which might raise a defense.

In view of the record, the court did not abuse his discretion in proceeding to hear the motion for summary judgment.

Having determined that appellant was not entitled to further delay, the only question remaining before the court was whether appellee was entitled to judgment on the record then before him.

There was no disputed material fact to be determined by court or jury. The appellee's pleadings and proof were adequate for the relief sought. No defense to the suit was offered by appellant. Such being the case, a summary judgment for appellee was proper. Clark v. Barr, Tex. Civ.App., 239 S.W.2d 114; Fowler v. Texas Employers' Ins. Ass'n, Tex.Civ.App., 237 S.W.2d 373; De La Garza v. Ryals, Tex.Civ.App., 239 S.W.2d 854; Rule 166–A, T.R.C.P.

The judgment of the trial court is affirmed.