## L. T. Thornton v. State

No. 33,843.   January 3, 1962

No attorney for appellant of record on appeal.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Presiding Judge.

The indictment, in the ordinary form for charging felony theft, alleged that appellant took $350.00 in cash from Alvin Spencer without his consent, on or about August 21, 1957.

The case was submitted to the jury as one of theft by false pretext of $350.00 in cash.

The facts relied upon by the state, viewed in the light most favorable to the verdict finding appellant guilty as charged in the indictment, and assessing his punishment at 3 years in the penitentiary, are these.

Appellant owned a number of lots in the colored section of Littlefield, on one of which was a four room stucco house with a garage on the side, in which he lived.

In August of 1957, appellant offered the house for sale to be moved off the lot, and Spencer bought it for $2500.00.

There was no contract or agreement in writing.  On August 21, 1957, Spencer gave appellant a check for $2000.00, out of which appellant paid a debt to a lumber company.

Spencer testified that appellant represented to him that this was all he owed on the property. Spencer, however, made an investigation for himself. He testified that he went to the County Clerk's office even before he paid the first $2000.00; and "called several places, lumber yards and things like that, and I didn't find where anybody had anything against it * * * I checked at the office here, in the courthouse here, and they overlooked it." Spencer testified that he thought it was clear and on September 6, 1957, gave appellant a check for $500.00 bearing the notation "For last payment on house to be moved."

Some two weeks later Spencer moved the house to a 10 acre tract of land a mile south of Littlefield.

Notices of Federal Tax Liens under the Internal Revenue laws of the United States had previously been filed in Lamb County for the purpose of fixing a lien upon all property and rights to property belonging to appellant and his wife.

On May 12, 1960, Spencer received notice that the house had been seized for non payment of delinquent internal revenue taxes due from L. T. and Lillie Thornton in the amount of $983.61.

After he found out about the tax lien, Spencer told appellant about it. Appellant said he was going to pay them $500.00 and then they would let him pay a little along until he got it paid up. A few days later appellant told Spencer he had paid $500.00 but he had not.

On May 27, 1960, Spencer paid $350.00 to D. L. King, Acting Group Supervisor for the District Director of Internal Revenue, and the lien on the house was released. He made no demand upon appellant for reimbursement and had no further conversation with him before the trial.

Appellant acquired no money from Spencer other than that represented by the $2000.00 check he received in August 1957 and the $500.00 check Spencer gave him in September 1957, in payment for the house.

To sustain his conviction for theft by false pretext of a part of this money upon the theory that he represented to Spencer that the debt he paid out of the proceeds of the $2000.00 check was all he owed on the property, the evidence must be sufficient to support a finding by the jury beyond a reasonable doubt (1)

that appellant knew that there was a lien against the house in which he lived for his unpaid income taxes, which lien would follow the house after its removal from the land. (Proof that appellant intended to defeat the government's lien would not suffice.)

(2) That appellant represented that the property was clear, intending at the time he received the checks to deprive Spencer of the proceeds of the check to the extent of the goverment's lien on the house after it was moved.

(3) That appellant did appropriate a portion of such money he had acquired by such false representation, knowingly made.

(4) That when he delivered the check, Spencer relied upon appellant's representation that the property was clear rather than the information he received at the County Clerk's office to that effect.

The evidence as to what occurred almost three years after appellant sold his home to Spencer is not deemed sufficient to sustain a finding that he obtained the checks knowing that Spencer would be required to pay more because of the government's lien for unpaid income taxes.

To sustain a conviction for theft by false pretext, it must appear that the false pretext was the inducing cause which moved the injured party to surrender to the accused the property in question. Parks v. State, 145 Tex. Cr. R. 150, 166 S.W. 2d 704; see also Nichols v. State, 133 Tex. Cr. R. 294, 109 S.W. 2d 1057; Eason v. State, 167 Tex. Cr. R. 224, 320 S.W. 2d 11.

The evidence does not show that Spencer was induced to part with his $2500.00 by appellant's representation that the house was clear. He investigated for himself and was so advised by a deputy county clerk.

The facts do show that Spencer has a claim against appellant for reimbursement of the $350.00. The payment of such sum by Spencer to the Internal Revenue Service does not, however, establish the theft of $350.00 in cash by appellant from Spencer.

The judgment is reversed and the cause remanded.