Joseph W. KEAHEY and Scott P. Keahey, **Individually and as Independent Executor of the Estate of Ethel M. Keahey, Deceased, Appellants,**

v.

**DALLAS TEACHERS CREDIT UNION,**
Appellee.

No. 11.

Court of Civil Appeals of Texas.

Tyler.

Jan. 9, 1964.

John J. Fisher, Dallas, for appellants.

S. E. Hale, Jr., Clarence Bentley, Dallas, for appellee.

MOORE, Justice.

This is an appeal from an order granting a summary judgment under Rule 166–A, Texas Rules of Civil Procedure.

This suit was originally instituted by Dallas Teachers Credit Union, plaintiff in the Court below, against Joseph W. Keahey and his son, Scott P. Keahey, Individually and as Independent Executor of the Estate of his mother, Ethel M. Keahey, deceased. The claim arose by reason of a note and chattel mortgage executed by Joseph W. Keahey and wife, Ethel M. Keahey, on January 23, 1960, in the principal sum and amount of $2,948.00, payable to Dallas Teachers Credit Union, involving the purchase and financing of a 1959 Willys Utility Wagon. Some nine months thereafter Ethel M. Keahey died leaving a will, naming her son as independent executor and bequeathing her estate to her husband and son. At the time of her death the installment payments upon the note being in default, the Credit Union repossessed the automobile and sold the same and applied the proceeds upon the amount then due and owing on the note and then brought this suit for a deficiency judgment in the amount of $1,714.00, plus 20% attorney's fees as provided in the note.

Although Scott P. Keahey was not a party to the original transaction, suit was brought against him individually on the theory that he, as independent executor under his mother's will, knew of this claim and failed to liquidate it.

The chattel mortgage provided that in case of default of payment, "said mortgagee may at said mortgagee's option (notice of which option is hereby expressly waived), foreclose this mortgage by action or otherwise, and said mortgagee is hereby authorized to enter upon the premises where said goods and chattels may be, and

remove and sell the same and all equity of redemption of the mortgagor therein, either at public auction or private sale at Dallas, Texas, or elsewhere, without demand for performance," and further provided that mortgagee had the right to deduct all expenses in connection with the repossession and to apply the residue toward the payment of the indebtedness.

Dallas Teachers Credit Union filed its first Motion for Summary Judgment on February 17, 1962. After the filing of this motion, defendant, Scott P. Keahey, then filed Defendant's First Amended Original Answer, denying the claim and alleging that the Credit Union did not sell the automobile at the best price possible. The answer was sworn to by defendant, Scott P. Keahey.

No hearing was had on this motion and thereafter the Credit Union filed another Motion for Summary Judgment, which motion was supported by the affidavit of one of its officers. Defendant, Scott P. Keahey, then filed an affidavit alleging that he had had a telephone conversation with some unnamed person at the Credit Union and that such person had told him that they were going to sell the automobile and that in the conversation he offered to pay for the same; that the person he talked with told him that they would contact him before doing anything. Nowhere in this affidavit does he state that the Credit Union failed to sell the automobile at the best price possible.

After a hearing the trial court granted a summary judgment for the Credit Union for $1,741.00 and attorney's fees in the amount of $342.80, to which ruling defendant, Scott P. Keahey, excepted and perfected his appeal. Defendant, Scott P. Keahey, is now before this Court urging his single point of error to the effect that the trial court erred in granting the summary judgment because there was a disputed issue as to a material fact; to-wit, whether or not the Credit Union obtained the "best price possible" for the automobile.

As was pointed out hereinabove, defendant, Keahey, nowhere in his affidavit in reply to the Motion for Summary Judgment ever made the statement that the Credit Union did not obtain the "best price possible" for the automobile. It was only in his First Amended Original Answer that he made such a statement. Hence, the only controversy on the point was created by the defendant's pleading and not by his affidavit. It has now been established that pleadings alone will not in and of themselves create a genuine issue of fact and thereby prevent a summary judgment under Rule 166-A, T.R.C.P. As was pointed out in the authority cited below, if controversy in the pleadings were alone enough to prevent a summary judgment, this practice would ordinarily be useless for there is no effective constraint upon what may be asserted or denied in the pleadings. Therefore, for this reason, among others, we feel that the defendant, Keahey, has failed to create any dispute on a material fact issue. Sparkman v. McWirter, Tex.Civ.App., 263 S.W.2d 832. Writ ref. Turinsky v. Turinsky, Tex.Civ.App., 359 S.W.2d 114. Stayton, 29 Texas Law Review 688.

Even though the sworn answer in this case should be considered as evidence in the hearing on the motion, such would still be insufficient to create any dispute on the facts concerning the sale price of the automobile because same would be hearsay. The sworn answer fails to show that Keahey was present at the sale or that he knew any of the facts of his own personal knowledge. His statement in the answer amounts to a conclusion in the nature of hearsay and therefore is not in compliance with the Rule requiring the affidavit to be made upon personal knowledge showing affirmatively that the affiant would be able to testify to the matters stated therein. An affidavit based upon hearsay is insufficient to warrant the overruling of a motion for summary judgment. Fonville v. Southern Materials Co., Tex.Civ.App., 239 S.W.2d 885; Westfall v. Lorenzo Gin Co., Tex.Civ.App., 287 S.W.2d 551; Earp v.

 

First State Bank of Abilene, Tex.Civ.App., 356 S.W.2d 178.

■ The moving party is entitled to a summary judgment when it appears from the uncontroverted facts as set forth in the affidavits, depositions, or admissions on file, that as a matter of law there is no material issue of fact presented for trial; stated in another way, if under the facts as developed, the court would be required to direct a verdict for the moving party then a summary judgment should be granted. Arlington Heights Appliance Co. v. Gordon, Tex. Civ.App., 244 S.W.2d 337; Sparkman v. McWirter, supra.

In this case we feel that the defendant, Scott P. Keahey, has failed to demonstrate that there was any material fact issue to be tried by the court or jury.

The judgment of the trial court is affirmed.