Arnold J. ASHFORD, Appellant,

v.

The STATE of Texas, Appellee.

No. 39976.

Court of Criminal Appeals of Texas.

Dec. 31, 1966.

Rehearing Denied Feb. 1, 1967.

Arnold J. Ashford, pro se.

Perry T. Brown, County-Dist. Atty., Eastland, Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

WOODLEY, Judge.

The offense is felony theft of a stock of merchandise; the punishment, 8 years.

Prosecution was upon an indictment in the ordinary form for felony theft, but the State relied upon Art. 1413 P.C. (Theft by False Pretext).

Trial was before a jury upon a plea of not guilty and the punishment was assessed by the trial judge as provided in Art. 37.07(2) (c) C.C.P.

Though notice of appeal was given and entered of record as a part of the sentence pronounced March 25, 1966, appellant was taken to and received by the Texas Department of Corrections on April 8, 1966. His plea to the trial court that he be returned to the Eastland County Jail to be there confined until he made bond in the amount set by the court, or until his appeal was disposed of, was rejected by the trial judge. His petition for writ of habeas corpus presented to this Court was endorsed denied, but the attention of the trial judge was directed to the recent opinions of this Court in Ex parte Griego, 366 S.W.2d 572, and Ex parte Sena, 366 S.W.2d 568, which make it clear that appellant should not have been sent to or received by the Texas Department of Corrections because his conviction was not final. This Court should have and does now direct that he be forthwith returned to the Eastland County Jail.

Appellant's prison drawn brief filed in the trial court is deemed sufficient to present to this Court for review the contention that the evidence is insufficient to sustain the conviction for theft by false pretext.

The evidence relied upon by the State was to the effect that J. W. Slaughter exchanged his stock of merchandise in his furniture store to appellant for two vendor's lien notes which, in addition to the endorsement of the Payee, bore the endorsement with recourse of one H. G. Whitehead, Sr.

Mr. Slaughter testified that he first told appellant that he did not want to take real estate notes, but appellant insisted that the notes were "good," and had Slaughter call the endorser, H. G. Whitehead, Sr. Mr. Whitehead told the complainant that the notes were in good order and that they would be paid when they were due. Mr. Slaughter, still unsatisfied, told appellant he wanted further information on Mr. Whitehead's financial responsibility. Appellant had Mr. Slaughter go to Mr. McCracken, President of the Cisco State Bank, who called the Mansfield State Bank, Whitehead's bank, and got a statement as to Whitehead's financial status. A representative of the bank at Mansfield told Mr. McCracken that the notes were good; that the bank had loaned Mr. Whitehead as much as $12,000 without security, and that it had been dealing with Whitehead for at least eight years. On the basis of this information, Mr. McCracken advised Mr. Slaughter that he should accept the notes.

Mr. Slaughter then consulted his attorney concerning the transaction, and the attorney approved the acceptance of the notes, and prepared a bill of sale.

Subsequent to the transfer of the merchandise by Mr. Slaughter to him, appellant sold most of the merchandise by marking it down 25%, and that which remained was sold at auction.

Thereafter Mr. Slaughter unsuccessfully attempted to collect on the notes.

The jury was instructed in part as follows:

"You are further instructed that you cannot convict the defendant in this case unless you believe from the evidence beyond a reasonable doubt that J. W. Slaughter relied on the representations of the defendant, Arnold J. Ashford, to the effect that the endorser on the notes, H. G. Whitehead, was financially responsible and wealthy, as represented by the defendant, and that the notes would be paid by him.

"And further, you cannot convict the defendant if the said J. W. Slaughter relied to any extent on any investigations made by him, if he did, or any investigation made for him by any other persons, if such was the case, and if you have reasonable doubt thereof, you will acquit the defendant and say by your verdict 'not guilty'."

We find no evidence in the record showing that H. G. Whitehead, Sr. was not a wealthy man, as appellant represented. Even so, the evidence affirmatively reflects that Mr. Slaughter did not rely alone upon the representation of appellant but, to some extent at least, relied upon investigation made by him and by other persons for him, and under the court's charge above quoted the jury was not authorized to find appellant guilty of theft by false pretext.

Mr. Slaughter testified on cross-examination:

"Q. Do I take it, Mr. Slaughter, that your primary complaint now is that Mr. Whitehead did not pay these notes as they matured?

"A. My complaint is that Mr. Ashford sold me these notes, knowing they were no good.

"Q. And because Mr. Whitehead did not pay them, is that correct?

"A. That's one of the reasons, I suppose. Nobody paid them; they proved to be no good.

\*　　\*　　\*　　\*　　\*　　\*

"Q. In any event, you knew better than to buy those notes on his statement, didn't you?

"A. I wouldn't have bought them on his statement that I had at that time, no.

\* \* \* \* \* \*

"Q. So, in trading for these notes, you were not relying upon the endorsement of Mr. Ashford, but rather upon the endorsement of Mr. Whitehead. Is that correct?

"A. That's correct.

\* \* \* \* \* \*

"Q. So, you really weren't relying upon what Mr. Arnold Ashford told you, but rather you were relying upon what Mr. Whitehead told you and upon what Mr. McCracken told you. Is that correct?

"A. I was relying on what they both said about it."

In Thornton v. State, 171 Tex.Cr.R. 565, 352 S.W.2d 742, the defendant represented to the purchaser that there were no further debts owed on the property purchased, when in fact there was a federal tax lien on the property. The court pointed out that to sustain the conviction for theft by false pretext, the showing had to be made that the defendant: (1) Knew there was an unpaid lien; (2) Represented that the property was clear, intending to deprive the complainant of the amount of the lien; (3) Did appropriate a portion of the money he had acquired by false representations, knowingly made, to his own use and benefit; and (4) The complainant relied upon the appellant's representations that the property was clear rather than the information he received at the County Clerk's office to that effect.

In holding that the false pretext was not the inducing cause which moved the injured party to surrender the property, we said:

"The evidence does not show that Spencer (the complainant) was induced to part with his $2500.00 by appellant's (Thornton's) representation that the house was clear. He investigated for himself and was so advised by a deputy county Clerk." 352 S.W.2d 742, 743.

In the case before us, an even more extensive investigation was made by the complainant (Slaughter). His lawyer and banker, and the banker of the guarantor of the notes were consulted prior to the acceptance of the notes. It was the advice of those whom he consulted, and not the representations of appellant, which constituted the major inducement for complainant's parting with his property.

The judgment is reversed and the cause is remanded.