**Harold Randolph WOMACK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40014.**

Court of Criminal Appeals of Texas.

Jan. 11, 1967.

Bill H. Brister, of O'Connor & Brister, Lubbock (On Appeal Only), for appellant.

Alton R. Griffin, Dist. Atty., Jerome H. Schuetzeberg, Asst. Dist. Atty., Lubbock, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

The conviction is for theft by false pretext; the punishment, six years.

Trial was after January 1, 1966, upon an indictment, in the ordinary form, for felony theft.

We reverse the judgment because the evidence is insufficient to support the conviction.

On direct examination, the prosecuting witness, J. W. Wilhite, testified that on Monday, February 14, 1966, the appellant came to his place of business in Lubbock and told him he (the appellant) was working as a front man for the Internal Revenue Service and that Wilhite and others were going to be checked and filed on by the government. At such time, appellant stated that for $500 he could get the witness's tax records and papers torn up or that he would get the papers and "bring them out there and we would tear them up * * *." After an hour and a half, appellant left and the prosecuting witness

called the F.B.I. The next day (Tuesday), appellant returned to Wilhite's office and told him that charges were going to be filed on Friday, and he then offered to get the papers for $400. Appellant left, and Wilhite again called the F.B.I. Captain L. W. Forrester, of the Lubbock police department, was then called in on the case. On Thursday, Wilhite saw appellant and agreed to give him $350 for the papers. A meeting place was arranged for that night at the Little Hotel. Later in the day the place was changed by Wilhite to the Eldorado Motel. That night the two met at the motel and Wilhite gave appellant $350, in $50 marked bills, "to tear up the income tax forms."

On cross-examination, the prosecuting witness testified that he had known appellant for at least twelve or fifteen years and had been to appellant's place of business, where he rebuilt automobiles. With reference to his meeting the appellant and paying the $350 to him, the prosecuting witness testified, in part, as follows:

"Q And Captain Forrester asked you to call him and have him meet you at the Eldorado Motel at the particular time, on a particular date, is that correct? A Captain Forrester told me to go ahead and pay him off, and get it over with and they would pick him up.

"* * *

"Q My question was, is it not true that at Captain Forrester's directions you set up the whole thing out there, regardless of who picked up the—picked out the motel that you were going to meet in? A That's right.

"* * *

"Q And at the very time that you gave him the money you knew at that time in your own mind that whatever he had been telling you about the Internal Revenue Service and so forth was incorrect, didn't you? A Yes, I did.

"* * *

"Q And regardless of what the situation was and who told you to set it up and what all you went through to do, in other words, you were not being fooled by your friend Red one iota, were you, at the time. You knew exactly what the situation was and the Internal Revenue Service was not after you in any way, didn't you? A Ye*ah*, I knew they *was*n't after me."

"Q In other words, whatever pretext you allege that he took this money, or that you gave it to him under, you were not fooled by that one iota at the time you gave him the money there in your cabin, were you? A I was sure that I wasn't going to get *nothing* for my money, yes, sir.

"Q That's what I'm talking about, and you were not fooled about the situation in any way, everything had been fully disclosed to you by Captain Forrester and the F.B.I. and what not, and you were going along with them at that time. You knew that you were not being fooled by Red or anybody else that was with him at that time, were you? [sic] A I don't think I was being fooled, no.

"Q And the fact that you were not being fooled in any way, that didn't induce you in any way to give up the money there at that time, did it, because you already knew that it was a hoax to begin with, didn't you? A I knew it was *a* blackmail, or hoax, or whatever you want to call it, somebody trying to beat me out of some money.

"Q And at the time that you gave him the money this situation that you say he had told you about, that didn't induce you to give him the money at all, because you knew it was a pretext, didn't you, at that time? A Yes, I definitely did."

In his charge, the court required the jury to find beyond a reasonable doubt, before convicting appellant, that he did obtain possession of the $350 from Wilhite by fraudulently and falsely representing to him "that he, Harold Randolph Womack, could prevent the Internal Revenue Service from checking and making an investigation of the records of Wilhite" and that Wilhite parted with the possession of the $350 as a result of and in reliance on said representations.

To sustain a conviction for theft by false pretext it must appear that the false pretext was the inducing cause which moved the injured party to surrender to the accused the property in question. Nichols v. State, 133 Tex.Cr.R. 294, 109 S.W. 2d 1057; McCain v. State, 143 Tex.Cr.R. 521, 158 S.W.2d 796; Nickson v. State, 147 Tex.Cr.R. 316, 180 S.W.2d 161; Thornton v. State, 171 Tex.Cr.R. 565, 352 S.W.2d 742.

Stated in another way, it must be shown that the injured party relied upon the false pretext. Eason v. State, 167 Tex.Cr.R. 224, 320 S.W.2d 11.

While the evidence is sufficient to show that the pretext made by appellant was false, there is no proof that the injured party relied upon such pretext and that it was the inducing cause for his paying the $350 to the appellant. To the contrary, the testimony of the injured party shows that he did not believe the representations made to him by appellant and did not rely upon the same in parting with the $350.

Under the record, the conviction for theft by false pretext cannot stand.

The judgment is reversed and the cause is remanded.