Gene HOWELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 44757.

Court of Criminal Appeals of Texas.

March 29, 1972.

Robinson, Wilson & Holloway, Abilene, for appellant.

Ed Paynter, Dist. Atty., and Sam Moore, Asst. Dist. Atty., Abilene, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of felony theft. Punishment was assessed by the jury at two years.

On this appeal the appellant contends that "the evidence conclusively shows that the complaining witness Tom Antilley made a loan to appellant."

The state called only two witnesses, the complaining witness and an employee with the Sheriff's Department in Taylor County, Julian Hernandez. Witness Hernandez' testimony was limited to identifying State's Exhibit No. 2, which was an instrument with appellant's signature thereon, and identifying the appellant as the person who signed his name to State's Exhibit No. 2. No evidence was offered on behalf of the defense.

Tom Antilley testified that on November 5, 1970, he received a call from a person representing himself to be Gene Howell, the appellant in this case. He further testified that he did not know the appellant and had never talked to him before but he was acquainted with appellant's father who had previously served as the pastor of the church he attended. He testified that the person representing himself to be the appellant asked to borrow $400.00 and said that it was an emergency. He was asked to wire the money to Steve Howell (allegedly appellant's son) at Dallas. He said the caller told him: "I will give you a note and I will give you a mortgage on a late model—a late model car." He testified that on November 9, 1970, he received a note (State's Exhibit No. 1) with the signature Gene Howell thereon. The note was dated November 5, 1970, made payable to the order of Tom Antilley in the amount of $400.00 and bearing interest at 10% and made payable on November 15, 1970. The note was not paid. On cross-examination the witness was asked:

"Q. In other words, the man had an emergency so you made a loan of $400.00?

"A. That's right.

"Q. And you held this note—you received this note on what date?

"A. November 15th.

"Q. I believe on November the 9th—

"A. November the 9th.

"Q. - - - somewhere along in there. All right, sir. You received the note in the mail at that time and it was in the amount of $400.00?

"A. That's right.

"Q. Dated November 5th of 1970?

"A. Yeah.

"Q. And ten days after date, without grace, for value received, I, we, or either of us, promise to pay to Tom Antilley $400.00. Now, who had suggested the ten days?

"A. He did.

"Q. He did over the phone?

"A. Yeah.

"Q. He told you he would send you a note?

"A. That's right.

"Q. All right. How much interest was to be paid?

"A. I believe it states on there.

"Q. Yes, sir.

"A. Ten per cent.

"Q. In other words, whose idea was that for the ten per cent interest on the note?

"A. Well, in one place he repeated that he would pay $40.00 interest on that."

In 55 Tex.Jur.2d, Theft, Section 19, p. 299, it is written:

"A prosecution for theft will not lie for a failure to pay as agreed where a transaction merely creates the relation of debtor and creditor between the parties, as in the case of a loan procured by a false pretext."

We conclude that the evidence shows a loan and not theft. Forson v. State, 162 Tex.Cr.R. 44, 282 S.W.2d 385; Nichols v. State, 133 Tex.Cr.R. 294, 109 S.W.2d 1057; Taylor v. State, 64 Tex.Cr.R. 157, 141 S.W. 949.

In view of our disposition herein made, other grounds of error will not be discussed.

The judgment is reversed and the cause remanded.