**Arnold J. ASHFORD, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 5370.**

Court of Civil Appeals of Texas, Waco.

Oct. 24, 1974.

Jones, Francis & Youts, Inc., Waco, for appellant.

John L. Hill, Atty. Gen., Ben M. Harrison, Asst. Atty. Gen., Austin, for appellee.

OPINION

JAMES, Justice.

This is a suit for compensation for wrongful imprisonment brought by Plaintiff-Appellant Arnold J. Ashford against the State of Texas. The State acting by and through its Attorney General filed a "Motion to Dismiss and Plea to the Jurisdiction" which the trial court sustained after hearing evidence and thereupon dismissed Plaintiff-Appellant's suit with prejudice. We affirm.

This suit was brought under the provisions of Article 3, Section 51–c of the Texas Constitution, Vernon's Ann.St., and the then-existing Article 1176a of the Penal Code (which is now Article 6252–25 of Vernon's Annotated Texas Civil Statutes).

Article 3, Section 51–c of the Texas Constitution provides:

"The Legislature may grant aid and compensation to any person who has heretofore paid a fine or served a sentence in prison, or who may hereafter pay a fine or serve a sentence in prison, under the laws of this State for an offense for which he or she is not guilty, under such regulations and limitations as the Legislature may deem expedient."

Section 2 of Article 6252–25, Vernon's Annotated Texas Civil Statutes, which language was contained in old Article 1176a of the Penal Code, provides:

"A person is entitled to compensation provided by this Act:

"(a) if he has served, in whole or in part, a sentence in prison under the laws of this State; and

"(b) if he pleaded 'not guilty' to the charge for which he was convicted and which led to the imprisonment; and

"(c) if he is not guilty of the crime for which he was sentenced; and

"(d) if he has received a full pardon for the crime and punishment for which he was sentenced."

We do not have a statement of facts before us; however, the following facts appear to be undisputed: Arnold J. Ashford was indicted, tried, and convicted of the felony offense of theft by false pretext in the 91st District Court of Eastland County, Texas, at the August Term 1965 of said court. Ashford pleaded not guilty to the indictment. A jury found him guilty, and the court assessed his punishment at eight years in the state penitentiary. Pursuant thereto, he was sentenced to not less than two nor more than eight years in the state penitentiary. He was taken to the penitentiary on April 8, 1966, and remained there until on or about December 31, 1966. His conviction was reversed and remanded for new trial by the Court of Criminal Appeals in the cause of Ashford v. State (Ct.Cr. App.1966) 410 S.W.2d 433. The Court of Criminal Appeals directed that Ashford "be forthwith returned to the Eastland County Jail," and in accordance with said order Appellant was so returned. Thereafter, on or about April 23, 1968, the indictment of theft by false pretext against him was dismissed by the 91st District Court of Eastland County. Ashford was granted a full pardon by the Governor of Texas on February 26, 1971.

By his Plaintiff's Second Amended Original Petition, Ashford alleged in effect that his cause of action met all four of the requirements of Section 2, Article 1176a of the Penal Code as hereinabove set out.

The State of Texas as Defendant filed its "Motion to Dismiss and Plea to the Jurisdiction," in which it asserted the full pardon in question was void for the reason that at the time it was granted by the Governor of Texas, the subject criminal charges against Ashford had been dismissed and "there was nothing to pardon."

The trial court heard evidence in connection with the State's motion and pursuant thereto entered its "Judgment and Order of Dismissal" with prejudice against Plaintiff-Appellant's right to refile same. This order recites, among other things: "it appearing to the Court that the Plaintiff Arnold J. Ashford has not served either in whole or in part a prison sentence under the laws of the State of Texas; and it further appearing to the Court that the purported pardon introduced and relied upon herein by the Plaintiff Arnold J. Ashford is void, the Court finds that said motion and plea to the jurisdiction should be and the same is hereby sustained," and then the trial court dismissed Plaintiff's cause of action with prejudice.

The record before us consists of an original and supplemental transcript (the latter being in eight parts), but no statement of facts.

Appellant Ashford complains of error of the trial court (1) in sustaining the State's Motion to Dismiss and Plea to the Jurisdiction, (2) in finding that Ashford has not served either in whole or in part a prison sentence under the laws of the State of Texas, and (3) in finding that the purported pardon is void.

We overrule Appellant's points because in the absence of a statement of facts it must be presumed that sufficient evidence was introduced to support the trial court's findings. Lane v. Fair Stores (1951) 150 Tex. 566, 243 S.W.2d 683. This presumption (that sufficient evidence was introduced to support the trial court's findings) likewise applies where there is a partial but incomplete statement of facts. Englander Co. v. Kennedy (Tex.Sup.Ct. 1968) 428 S.W.2d 806; Alexander v. Bank of American National Trust and Savings Assn. (Waco, Tex.Civ.App.1966) 401 S. W.2d 688, writ refused; Hassell v. New England Mutual Life Ins. Co. (Waco,

Tex.Civ.App.1974) 506 S.W.2d 727, writ refused.

With no statement of facts, we must presume that the evidence established as a matter of law (1) that Appellant has not served either in whole or in part a prison sentence under the laws of the State of Texas, and (2) that every fact finding necessary to support the invalidity of the pardon in question is established as a matter of law. In this state of the record, and with these facts thus established, there remained before the trial court only a law question, to wit, the validity or invalidity of the pardon. The trial court had the authority, to decide this law question, and he decided the pardon was void. This being so, the Appellant failed as a matter of law to establish two elements of his cause of action, and therefore the order of dismissal with prejudice was proper. Rule 166, Texas Rules of Civil Procedure. Also see Pan American Petroleum Corp. v. Texas Pacific Coal and Oil Co. (El Paso, Tex.Civ. App.1960) 340 S.W.2d 548, error refused nre.

The trial court's order is accordingly affirmed.

Affirmed.