F. N. LEGLER v. THE STATE.

No. 8070.   Decided May 21, 1924.

**Theft—False Pretext—Definition of Offense.**

Where, upon trial of theft over the 'value of fifty dollars, it appeared from the positive testimony of the owner of the property, the person to whom the representations were made by appellant and who alone could give light on his purpose and intent in the delivery of the money, that he never expected to get his money back, but was purposing to expend it for an oil lease, etc., the offense was not theft, and defendant could not be convicted of that offense, and the judgment must be reversed and the cause remanded. —Following: Gibson v. State, 85 Texas Crim. Rep., 464, and other cases.

Appeal from the Criminal Court of Harris. Tried below before the Honorable T. W. Robinon.

Appeal from a conviction of theft over the value of fifty dollars; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Fred L. Perkins* and *E. T. Branch,* for appellant.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the Criminal District Court of Harris County of the offense of theft, and his punishment fixed at two years in the penitentiary.

The charge was the taking of $570 in money and the State relied upon that character of theft defined by Article 1332 of our Penal Code wherein it is stated that if the taking, though originally lawful, be obtained by any false pretext, or with any intent to deprive the owner of the value thereof and to appropriate the property to the use and benefit of the taker, and it is so appropriated, the offense of theft is complete. The charge of the learned trial court submitted the case to the jury upon the theory that appellant obtained said money by false pretext and with intent to appropriate it.

In view of what we deem the proper disposition of the case we do not discuss the various questions raised during the trial, except as affecting the proposition that the offense, if any, committed by the appellant was not theft. A Mr. Locke swore that on January 9, 1923,

he gave to appellant $570 in money for the purpose of purchasing an oil lease which appellant had told him would either be in on that day from Oklahoma, or was then in Houston with draft attached. At the time the witness delivered the money to appellant he was told that upon the following morning appellant would have the lease transferred to witness. Appellant failed to meet witness the following morning and has never since delivered or transferred the lease.

This witness on cross-examination testified as follows:

"It was my understanding that defendant already had the lease here (in Houston); that was my understanding when I paid him the money and went down to buy the lease and he would have the lease transferred to me. I paid the money to defendant for the lease. At the time I paid defendant the $570 I did not expect to get that money back; I expected to get the lease. That was the 9th of January, 1923."

The question recurs under this testimony as to the intent of Locke in delivering to appellant said money, i. e., whether he intended to deliver both title and possession or to deliver possession alone,—for if the former intent existed the crime of appellant, if any, could not be theft by false pretext. In Gibson v. State, 85 Texas Crim. Rep., 464, we said:

"The distinction between the offense of swindling and theft by false pretext, as deduced from the opinions of this court, seems to depend upon whether the injured party was induced to part or intended to part with both title and possession of his property, in which event the case is swindling; or whether he intended to part only with possession, in which event it will be theft by false pretext."

To the same effect are many authorities collated in Sec. 2626 of Mr. Branch's Annotated P. C. From the positive testimony of the owner of the property,—the person to whom the representations were made by appellant and who alone could give us light on his purpose and intent in the delivery of the money, we learn that he never expected to get his money back but was purposing to exchange it for an oil lease. If the lease had been presented at the time and had been transferred to witness, it is plain that he would have parted with both the title and possession to his money. If the authorities above referred to and quoted are correct, and we have no doubt of such fact, then the case before us as far as the theft is concerned, is destroyed by the testimony of Mr. Locke.

There is nothing in the record anywhere upon which a conviction can be predicated for theft save the testimony of said witness. Believing it to negative the proposition that the crime committed, if any, was theft by false pretext, it becomes our duty to reverse this judgment, and it is so ordered.

*Reversed and remanded.*