## G. O. HALL v. THE STATE.

No. 9415.    Delivered November 18, 1925.

Rehearing granted January 20, 1926.

### 1.—Theft—Continuance—Properly Refused.

Where appellant applied for a continuance on account of the absence of his attorney, and it developed that the firm which he claimed to be his attorneys had withdrawn from his case before same was called for trial, there was no error in refusing him a continuance on those grounds.

#### ON REHEARING

### 2.—Same—Relation of Bailee—Not Established.

Where, on a trial for theft by conversion, it is not clearly shown that a sum of money collected by appellant for a copartnership of which he was shown to be a member, was not paid into the assets of the partnership and disbursed in the ordinary course of business, the offense of theft by conversion is not established. See Art. 1429 P. C. 1925; Dancy v. State, 41 Tex. Crim. Rep. 293, and other cases cited.

### 3.—Same—Conversion by Partner—Rule Stated.

Art. 1336, Vernon's Tex. Crim. Stat., Vol. 1, reads thus: "If the person accused of the theft be a part owner of the property, the taking does not come within the definition of theft, unless the person from whom it is taken be wholly entitled to the possession at the time." The appellant was admittedly a member of the copartnership who was the owner of the money which he was charged with converting. He was also in possession of same, and had there been a conversion by him, under the above quoted Statute, he would be guilty of no offense.

### 4.—Same—Indictment—Allegation and Proof—Variance Fatal.

Where the indictment charged the possession of the money alleged to have been converted by appellant, to be in J. R. Dunn, the proof showed that the money was the property of a copartnership of which J. R. Dunn was a member. If Dunn had been in possession of the property, it would not have been necessary that the indictment take any note of the other members. Not having shown the possession of the money to have been in J. R. Dunn, the variance between the allegation and proof is fatal, and the affirmance is set aside, and the cause reversed and remanded.

Appeal from the District Court of Navarro County.  Tried below before the Hon. Hawkins Scarborough, Judge.

Appeal from a conviction of theft by conversion, penalty two years in the penitentiary.

The opinion states the case.

*W. W. Ballew,* of Corsicana, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the District Court of Navarro County for the offense of theft and his punishment assessed at two years in the penitentiary.

A recital of the testimony is not deemed necessary, but it is sufficient to say that the facts are entirely sufficient to support the verdict.

There are but two bills of exception in the record.  One complains at the action of the trial court in refusing to grant appellant a continuance on account of the absence of his counsel.

The motion for continuance was on account of the absence of the firm of Puckett, Fagan & Lee, who according to the court's qualification of the bill, through their associate, Mr. Lee, had already withdrawn from the case.  Under this state of the record, it is manifest that no error was committed by the trial court in overruling the application for a continuance or postponement of the trial.

The other bill of exceptions in the record complains in a little different form at the court's action in overruling this application, and from what has already been said, it follows that in our opinion no error is shown by the court's action with reference thereto.

The indictment being in proper form and no error being manifested by the record, it is our opinion that the judgment should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—It is charged in the indictment that appellant had in his possession $79.35, lawful cur-

rent money of the United States, the property of J. R. Dunn, by virtue of a contract of hiring and agency with the said J. R. Dunn.

The contention of the State is not made as clear in the statement of facts as might be desired. If we comprehend it, however, the following is a synopsis of the testimony: In September, 1923, there was established a partnership composed of G. C. Dunn, F. E. McPherson, Suttle Roberts and J. R. Dunn. This partnership was engaged in the purchase and sale of automobiles. Appellant contributed none of its capital but was placed in charge of its business by an arrangement whereby he was entitled to one-fourth of the profits of the partnership and was also entitled to take for his own account the monthly sum of $250.00, which was to be charged against his interest in the profits. In the conduct of the business, sales were made on credit and instalment notes were taken. Some of these notes were negotiated with a concern known as the Commercial Investment Trust, a company doing business in the city of New York. In the course of his duties, appellant kept books, had charge of the assets, and was privileged to draw checks upon the bank account. It was also his duty to receive the payments of notes, keep an account of the cash sales, and to deposit the funds in the bank to the credit of the partnership. In the due course of business, it seems that an automobile was sold, in whole or in part, on credit, to a man by the name of Yarbrough, who executed in payment therefor a series of notes, payable to the Corsicana Automobile Company, one of which was for $79.35. This note seems to have been paid to the appellant in December, 1923. Yarbrough did not testify, but the admissions of the appellant were sufficient to show that he received the money. He testified that he deposited it to the credit of the partnership. He drew a check upon the partnership fund for the amount named, in favor of the Commercial Investment Trust, which held the Yarbrough note, and sent the check to that concern. This was in December. Appellant's connection with the Corsicana Automobile Company ceased in April, 1924. The bank account was not introduced though a member of the partnership testified that he had checked the account and failed to find any deposit of the Yarbrough item to the credit of the company. Sometime during the negotiations, appellant had signed a memorandum consenting that the $79.35 might be charged to his account. This occurred after some controversy

had arisen with reference to that item. Before his indictment, appellant requested that a statement be given him showing the status of his account. It seems that this was not furnished.

There was testimony of some other transactions in which it is claimed on the one hand that appellant had misappropriated the money, and denied on the other. Evidence of these transactions were received on the issue of intent.

On the evidence, it is very plausibly contended that appellant was not a bailee of the money in question within the meaning of the theft Statute. See Art. 1429, P. C. 1925; Dancy v. State, 41 Tex. Crim. Rep. 293; Manuel v. State, 44 Tex. Crim. Rep. 433; Ray v. State, 40 Tex. Crim. Rep. 122; Northcut v. State, 60 Tex. Crim. Rep. 259, 31 L. R. A. (N. S.) 822. The soundness of the contrary view in Butler v. State, 54 Tex. Crim. Rep. 42, is doubted. It is apparent that in all profits of the business, appellant owned an interest.

The record is silent touching the status of the profit account at the time of the alleged conversion. It likewise gives no information concerning the profit in the particular automobile sold to Yarbrough. For aught the evidence shows, the particular $79.35 in question may have represented the profit on the sale to Yarbrough. Nothing is revealed showing how, on final settlement of the affairs of the partnership during appellant's relation therewith, his account stood. If he was a partner or was part owner of the funds in his possession, his appropriation of the sum in question would not, as we understand the Statute, be theft. Art. 1336, Vernon's Tex. Crim. Stat., Vol. 1, reads thus:

"If the person accused of the theft be part owner of the property, the taking does not come within the definition of theft, unless the person from whom it is taken be wholly entitled to the possession at the time."

Appellant apparently was the only person in possession.

A variance or failure of proof is claimed because J. R. Dunn was not shown by the evidence to have been the owner within the meaning of the Statute. The members of the partnership were manifestly the owners of the property. If one of the partners had been in possession, that is, having actual care, control and management of the property, we understand it would not have been necessary that the indictment take any note of the other members. See Farris v. State, 69 S. W. Rep. 140; Davis v. State, 63 Tex. Crim. Rep. 453; Suggs v. State, 143 S. W. Rep. 186; Wharton v. State, 151 S. W. Rep. 300.

In the present case, we understand J. R. Dunn to have been one of the joint owners and that he was not in possession. If this interpretation of the statement of facts is correct, there seems to have been a variance in the proof attempted. Moreover, on the issue of ownership, the relation of the Commercial Investment Trust is not to be ignored.

For the reasons stated, the motion for rehearing is granted. the affirmance is set aside, the judgment is reversed and the cause remanded.

*Reversed and remanded.*