## Ben Pittman v. The State.

No. 13072.   Delivered March 26, 1930.
State's motion for rehearing denied May 7, 1930.
Reported in 27 S. W. (2d) 240.

The opinion states the case.

*W. J. Scott* and *Woodruff & Holloway,* all of Brownwood, for appellant.

*Walter U. Early,* District Attorney of Brownville, *J. Edward Johnson,* Assistant District Attorney of Brady, and *A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft of property over the value of fifty dollars; the punishment confinement in the penitentiary for ten years.

Appellant's wife was a fortune teller. Verne King, the injured party, was engaged in running a hand laundry. She called upon appellant's wife during the absence of appellant for the purpose of having her fortune told. She was advised by appellant's wife that a man of a certain description would call at her home, and that it would mean money to the injured party to embark in business with this man. Later appellant went to the home of the injured party for a bundle of clothing he had previously left there for laundering. A conversation between appellant and the injured party relative to their respective businesses ensued. Appellant stated that he had been making some money buying and selling eggs and other produce but was in need of more capital to operate on. Appellant

answered the description of the person suggested by the fortune teller as a suitable partner for the injured party. After discussing the question of forming a partnership, the injured party stated to appellant that she had a little money to spare and would like to invest it in his business. Thereupon the parties reached an agreement to form a partnership. Ordinary articles of co-partnership were executed. Under the terms of the agreement between the parties, the injured party agreed to contribute one hundred thirty dollars to the firm in consideration of becoming one-half owner in the business. It was agreed, as shown by the articles of co-partnership, that appellant should have exclusive charge of all the buying and selling for the firm. The profits arising out of the business were to be divided equally between appellant and the injured party after all expenses had been paid. Appellant agreed to show receipts for all goods bought and sold and for all expenses for the upkeep of the firm. Appellant was to devote all of his time and attention to the business. It was undisputed that, after receiving the one hundred thirty dollars from the injured party, appellant purchased eggs and made a trip to the oil fields. When he returned he reported to the injured party that he had made a profit of about thirty dollars. She agreed that the profit should be retained in the business. Later appellant requested the injured party to advance him three hundred fifty dollars for the purpose of buying a Chevrolet truck. She complied with his request and appellant purchased the truck, the bill of sale being made to appellant and the injured party jointly. Appellant agreed to pay the injured party his part of the three hundred fifty dollars she had advanced. From time to time appellant called upon the injured party for additional sums of money. It appears that during such time he was engaged in the produce business. She advanced sums of money until the appellant had received from her approximately one thousand dollars. At no time did appellant repay the injured party any of these sums. At no time did she receive any profits from the business. Finally, appellant wired the injured party from San Antonio that he needed some more money. Instead of responding to his request, she filed a complaint against appellant and he was arrested in San Antonio. At the time of his arrest he was preparing to go to New Mexico.

Appellant challenges the sufficiency of the evidence. The charge was the taking of the one hundred thirty dollars contributed by the injured party for a one-half interest in the produce business. The state relied upon the character of theft defined in Art. 1413 of the

Penal Code, wherein it is provided that if the taking, though originally lawful, be obtained by any false pretext, or with any intent to deprive the owner of the value thereof and to appropriate the property to the use and benefit of the taker, and it is so appropriated, the offense of theft is complete. We think it is clear from the testimony that the injured party intended to deliver both the title and possession of the one hundred thirty dollars to appellant for a half interest in his produce business. She expected to receive one-half of the profits from such business. There is nothing in the evidence to indicate that she expected appellant to return to her the one hundred thirty dollars, or any part thereof. While the methods employed by appellant may have been reprehensible, the facts negative, in our opinion, the offense of theft by false pretext. We quote from Gibson v. State, 85 Tex. Cr. R. 464, 214 S. W. 342, as follows:

"The distinction between the offense of swindling and theft by false pretext, as deduced from the opinions of this court, seems to depend upon whether the injured party was induced to part or intended to part with both title and possession of his property, in which event the case is swindling; or whether he intended to part only with possession, in which event it will be theft by false pretext."

See also Legler v. State, 262 S. W. 478.

Viewed in the light most favorable to the state, the injured party intended to part with the title and possession of one-half of the fund contributed to the partnership enterprise. She did not have possession of the fund, nor did she have the right to the possession thereof, under the contract she entered into. On the other hand, appellant was the only person in possession. If it should be conceded that appellant was merely a part owner of the fund in his possession, his appropriation thereof would not have constituted theft. Art. 1417, Penal Code, provides:

"If the person accused of the theft be part owner of the property, the taking does not come within the definition of theft, unless the person from whom it is taken be wholly entitled to the possession at the time."

See Hall v. State, 279 S. W. 464, Opinion on Rehearing.

It was immaterial whether the title to the one hundred thirty dollars vested in appellant alone or jointly with the injured party.

The injured party testified that after she entered into the partnership agreement with appellant he went around the country buying

eggs; that he brought eggs to her house twice, placing them in a room there; that he later loaded the eggs on a truck and went off to the oil fields for the purpose of selling them. We understand the record to show, from the testimony of the state, that the one hundred thirty dollars paid into the business by the injured party was used for the purpose contemplated by the partnership agreement. Hence it appears that appellant did not appropriate said sum of money to his own use and benefit. It may be that later transactions would have justified the conclusion that appellant was securing money from the injured party and appropriating it to his own use and benefit. However, under the charge of the court, appellant could only be convicted for the theft of the one hundred thirty dollars he received from the injured party.

Believing that the evidence is insufficient to support the conviction, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The State may be entirely correct in its theory, as stated in its motion for rehearing, that appellant and his wife conspired and schemed to fraudulently obtain from prosecuting witness such money as they could get from her,—and every word said and act done by appellant in the premises, may have been pursuant thereto and in furtherance thereof, but unless the facts in evidence warrant the jury in believing beyond a reasonable doubt that the obtaining of the $130.00 involved in the first transaction, was theft by false pretext, the jury could not be justified in returning the verdict of guilty, and this court would err in permitting the judgment of conviction to stand.

Mr. Branch, in Sec. 2626 of his Annotated P. C., cites numerous cases beginning with White v. State, 11 Texas, 769, and Pitts v. State, 5 Texas Crim. App. 122, supporting the rule quoted from the Gibson case, referred to in the original opinion. We regard same as the settled law of this State. Tested by same, there seems no question but that in so far as the character of the case against appellant was determined by the acquisition of the $130.00, this was a case of swindling and not theft by false pretext. The testi-

mony shows that on February 20, 1928, the same day prosecuting witness gave to appellant her check for said $130.00,—both she and he signed articles of co-partnership in the Ben & King Produce Company, which document recites that she contributed "One hundred and thirty dollars to the said company, to become one-half owner in the said business." It is perfectly clear that she intended to part not only with possession but also with the title to said money, which became and was part of the assets of the firm thereafter. Our law-makers have seen fit to write the law of swindling and theft by false pretext in so nearly the same language as to lead the courts early in the judicial history of this State to draw the line of distinction between the two offenses as consisting chiefly in whether the owner intended to part with the possession only, or with both title and possession of the property affected. We have examined the authorities cited by the State in its motion, but are inclined to the view that Anderson v. State, 77 Texas Crim. Rep. 31, is against the weight of authority, and that the other cases cited support the original opinion herein.

The indictment in this case was broad enough in its terms to comprehend any or all of the transactions between appellant and Mrs. King. It charged the acquisition by appellant of more than fifty dollars, and specified no particular transaction. The first transaction between the parties was the one involving the $130.00 advanced by her when the partnership was formed. As to this transaction, the offense, if any, was swindling. Other transactions appear in testimony in which appellant got at various times sums exceeding fifty dollars from Mrs. King, which transactions might by testimony be shown not to be such as involved a parting with the title to her money. In his charge to the jury the learned trial judge for some reason saw fit to single out the $130.00 transaction, and submit the acquisition of this money alone as the basis for this prosecution. This may have been brought about by some character of request on the part of appellant's counsel for an election, which does not appear from the record. The State's reliance in the case submitted in the charge to the jury being based entirely upon said $130.00 transaction, and this being swindling and not theft, reversal was made necessary.

Believing the case properly disposed of originally, the State's motion for rehearing is overruled.

*Overruled.*