B. W. JOHNSON v. THE STATE.

No. 22123.  Delivered May 13, 1942.
Rehearing Denied June 24, 1942.

The opinion states the case.

*O. S. Evans* and *Joe Burkett,* both of San Antonio, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a conviction on a charge of theft with a sentence of two years in the penitentiary.

The indictment in the case alleges theft of property over the value of Fifty Dollars from Bernice V. Kelly. The evidence in the case from the standpoint of the State, without any serious contradiction on the part of the defense, is to the effect that the appellant, who lived in the town of Comfort, some distance from San Antonio, came in contact with the injured party and her mother through an advertisement seeking financial aid in a business enterprise. He represented to them that he was the owner of the equipment in a motion picture theater in Comfort and had a lease on the building. After some negotiations they

entered into what appeared to be a very favorable contract by which the injured party paid to appellant $750.00 in money for the purchase of a one-third interest in the equipment of the theater and tavern. She also had an agreement that he was to pay back this $750.00 in weekly salaries to her of $15.00 per week for the first ten weeks and at $20.00 thereafter. A few such payments were made. Upon his failure to continue these payments she employed a lawyer and attempted to make a collection of the amounts due her. An investigation revealed the fact as proven by the State that he did not own the properties which he represented to the injured party and her mother to be his and in which they understood the daughter was purchasing an interest.

The one question raised in this case and seriously presented is that the property was willingly transferred to appellant and that his act, even though wrongful, would not be theft. We are unable to agree to this proposition. Article 1413 of the Penal Code provides that when property comes into possession of the person accused of theft by lawful means, the subsequent appropriation of it is not theft. This article also provides that when the property is obtained by false pretext "or with any intent to deprive the owner of the value thereof" and to appropriate it to the use of the person taking, that the offense of theft is complete. This question has been thoroughly discussed in the recent case of McCuistion v. State, 158 S. W. (2d) 527, and the statements there made with the authorities cited in support of the things said pertaining to the issue before us are deemed sufficient and will eliminate the necessity for a lengthy discussion of the question in the instant case. Appellant admitted in his own testimony that he was selling them a one-third interest in the property, which the evidence shows he did not own. He immediately appropriated the money to his own use and benefit and the surrounding circumstances were such as to amply justify the jury in reaching the conclusion that he had such intent at the very time he made the false representations. The charge of the court properly presents the matter to the jury and their conclusions on the facts are final.

Appellant presented a motion for a continuance on account of the absence of his son B. W. Johnson, Jr., who is alleged to be in the United States Marine Corps stationed in Honolulu, Hawaii. This was overruled and his bill of exception complains of the action of the court in doing so. The motion does not set out what evidence was intended to be obtained from this wit-

ness nor its effect. We are unable to say that error was committed.

Bill of Exception Number Two complains of the action of the court in admitting evidence of other indictments pending against appellant on charges of swindling. On cross examination of appellant as a witness in his behalf he was asked if he was not charged in another indictment in Cause No. 45,941 with swindling a party out of $112.60. He was also asked about another charge of swindling a party at a different time of property over the value of $50.00. Appellant admitted that he was so charged and stated that the amount in this case had been paid. The court admitted this evidence over objection of appellant for the purpose of aiding the jury in passing upon the credibility of the party on trial as a witness and stated he was so restricting it in his charge, which he did. The evidence was proper.

Bills of exception Nos. Three, Four, Five and Six attempt to raise a matter for our consideration so well settled that we do not deem a discussion necessary. The other bills of exception likewise are overruled.

The judgment of the trial court is affirmed.

ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant's complaint resolves itself into the proposition that the facts herein show a swindle, if anything, rather than a theft by false pretext in that the testimony shows a passing of both title and possession, which makes up the constituent elements of a swindle and not a theft. As authority for such proposition appellant offers the cases of Slack v. State, 13 S. W. (2d) 113; Price v. State, 91 S. W. 571; Elbury v. State, 25 S. W. (2d) 847; Legler v. State, 262 S. W. 478, 97 Tex. Cr. R. 465; Arnold v. State, 176 S. W. 159; Lewis v. State, 171 S. W. 217; Bink v. State, 98 S. W. 249; Segal v. State, 265 S. W. 911.

Unquestionably this doctrine of the transfer of both title and possession would constitute the offense of swindling provided such transfer was caused by a false material statement as to some past or present fact. However if such a statement consisted not only of the just above mentioned characteristics

as well as some future fact or promise, the offense could be taken out of the domain of swindling, and fall into the classification of theft as set forth in Art. 1413, P. C., and if the accusation proven should perchance fall into the domain of either, then resort can be had to Art. 1549, P. C., which provides that if such accusation constitutes the offense of swindling as well as a theft by false pretext, the guilty person may be prosecuted for the latter offense. Anderson v. State, 77 Tex. Cr. R. 31, 177 S. W. 85.

The fallacy relative to the distinction between swindling and theft by false pretext being the delivery or not of title, has long since been departed from by this court in the following cases: De Blanc v. State, 37 S. W. (2d) 1024; White v. State, 58 S. W. (2d) 530; Contreras v. State, 39 S. W. (2d) 62; Sherman v. State, 62 S. W. (2d) 146; Hoovel v. State, 69 S. W. (2d) 104; Haley v. State, 75 S. W. (2d) 272; Baldwin v. State, 104 S. W. (2d) 872; Lovine v. State, 122 S. W. (2d) 1069; New v. State, 83 S. W. (2d) 668.

In De Blanc v. State, supra, Judge Morrow writes an exhaustive opinion on the difference between theft and swindling, and discusses many cases, and there refuses to follow the doctrine that the passing of title as well as possession is the line of demarcation between swindling and theft; it is also therein shown that if the two offenses are both found in the facts, then Art. 1549, P. C. resolves the prosecution under the theft statute.

The remaining cases above cited follow the doctrine laid down in the De Blanc case, supra.

We observe that the injured party in this cause testified that she not only was to have her money returned to her in a weekly wage, but also was to receive a one-third interest in certain property when the $750.00 had been paid back to her.

We think this case is one typically illustrating the operation of Art. 1549, P. C. While the facts herein might uphold a prosecution for swindling in that it was claimed by the complainant that appellant falsely represented to her that he owned certain fixtures that went into the property of the theater and tavern company, which he did not own, he also told her that upon a repayment to her in weekly wage of the money paid to him

she would own one-third of these properties going to make up such company. Under the operation of such article, the fact that an element of swindling might have entered into the transaction would not keep the same from being a theft by false pretext, if such pretext also was present.

We think this matter was properly disposed of in the original opinion, and the motion is overruled.