L. V. CLEVELAND, Appellant,

v.

The STATE of Texas, Appellee.

No. 41979.

Court of Criminal Appeals of Texas.

April 2, 1969.

John F. Morehead, Plainview, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

**808**

## OPINION

DOUGLAS, Judge.

The conviction is for theft of property over the value of fifty dollars. Two prior convictions of felonies less than capital were alleged for enhancement purposes. The punishment was assessed at life.

The indictment alleged ordinary theft of money from Struve's Department Store. The prosecution was for theft by false pretext under Art. 1413, Vernon's Ann.P.C. The State's theory was that a stolen money order was the device used to obtain the money.

The charge, in part, required the jury to find that L. V. Cleveland was acting as a principal, and as a result of, and in reliance upon, representations of Cleveland that the money order was valid, Struve's Department Store exchanged the money for the money order.

Appellant contends that the evidence was insufficient to show a reliance upon representations made by appellant or his co-principal that an alleged stolen money order was good.

The record reflects that appellant and Warren Reed, Jr. (also known as Cleaence Wright) when into Ward's Men's Store in Abernathy to purchase some clothes. Reed presented the money order to Dan Ward who did not have enough money to cash it. Appellant remained at Ward's while Ward and Reed went next door and cashed the money order at Struve's Department Store.

■ Vida Atkinson testified that she was in charge of Struve's Hardware Store, a part of Struve's Department Store; that Dan Ward asked her if she would cash the money order. She relied on the American Express Money Order and Dan Ward, and had it not been for Ward, she would not have cashed the money order. She had never seen appellant before the trial. This was the only evidence of reliance by Vida Atkinson, and it is insufficient.

■ Where a false pretext or device is used it must be the inducing cause which moved the injured party to surrender the property. Ashford v. State, Tex.Cr.App., 410 S.W.2d 433, and Redding v. State, 159 Tex.Cr.R. 535, 265 S.W.2d 811.

Other grounds of error raised by appellant will not be discussed, because the questions raised would probably not arise in the event of another trial.

Since the evidence was insufficient to support the conviction, the judgment is reversed and the cause remanded.