**R. L. KINDER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44060.**

Court of Criminal Appeals of Texas.

Nov. 16, 1971.

Rehearing Denied April 5, 1972.

Friberg, Martin & Richie by Gene Richie, Wichita Falls (on appeal only), for appellant.

Bill Neal, Dist. Atty., Vernon, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This is an appeal from a conviction for theft by false pretext; the punishment was assessed by the court at 5 years.

The sole ground of error challenges the sufficiency of the evidence.

The record reflects that appellant, a seller of certain type fire prevention equipment, arrived at the residence of L. A. Kieschnick and his wife, in Foard County. They had previously sustained a fire loss and were in the market for fire preventive equipment, the nearest fire fighting service available to them being in Vernon, approximately sixteen miles away. The appellant, a "pretty persuasive talker," convinced Kieschnick of the merits of his equipment and an agreement was reached whereby the appellant was to install fourteen fire extinguisher type instruments, together with three alarm-clock devices which would awaken one in the event of a fire.

Appellant gave him a marked down price of $99.85 from the usual selling price of $479.50. Nine of the fourteen instruments together with the three alarm-clock devices were installed.

Shortly after this transaction, the appellant again appeared on the scene desiring to rent storage space for his equipment. It was agreed between the parties that for $440.00, plus a percentage from the potential sales of the fire extinguishers, the appellant would receive storage space for six months. It was necessary, however, for Kieschnick to give appellant $560.00 in order to secure appellant in the event of a loss while the equipment remained on the premises. For this consideration, Kieschnick was to receive the total sum of $1,000.00 at the end of thirty days. At the expiration of the thirty days, as well as at the end of a ten day grace period, he did not receive the $1,000.00. He did receive $240.00 from the appellant's wife, after charges were filed, and also received $28.00 in the form of a commission as a result of sales of the equipment to surrounding farmers.

The state relies upon the fact that appellant, in reference to the storage rental transaction upon which the state elected to prosecute, represented that *the company* allowed appellant to rent storage space and the appellant could give Kieschnick such a good deal because it did not cost the appellant anything, and further, that the appellant's relationship with *the company* was nothing more than ordering the supplies from *the company* and receiving them cash on delivery. However, in the dealings, Kieschnick testified that appellant said: "*I'll* pay you $440.00 for six months' storage, but *I* guarantee you that *I* will have that back in thirty days." The word "loan" appears on the check. In answer to the question: "Well, why did you put that 'loan' [on the check]?" Kieschnick answered: "Well, what would you put down in a case like this?"

At the time the storage deal was made, even Kieschnick was skeptical that appel-

lant could make the kind of money necessary in selling the equipment. "I said there ain't no way in the world you can [do it]." "He said, 'You watch me.' 'I will do it.'" Kieschnick was also under the mistaken impression that the trial of appellant concerned his getting his money back.

"Q. Have you filed a suit?

"A. Well, I think so. If it's not, why are we up here?

"Q. Do you expect to get the $560.00 as a result of this trial?

"A. Well, I would like to have it.

"Q. What about the $440.00?

"A. He owes it too."

The fire chief of Vernon testified the fire extinguishers he tested were valueless. It appears that during an experiment to see if they worked, a nauseous odor emanated therefrom, and it choked, blinded, and caused the fire chief to have difficulty in breathing.

However, a witness for the appellant testified that but for fire fighting equipment which he bought from appellant several years previously his $150,000.00 home would have burned to the ground. As a result of the equipment, his house sustained only $40,000.00 damage.

The court is faced squarely with the questions of whether the appellant manifested a false pretext to Kieschnick for the purpose of obtaining the $560.00; and, if he did, whether this false pretext was the inducing cause which moved Kieschnick to surrender the money. Under the facts of this case, we do not find the essential elements of theft by false pretext present. Cf. Anderson v. State, 77 Tex.Cr.R. 31, 177 S.W. 85. Here, Kieschnick parted with his money as security for the equipment which would remain in the storage shed and upon the promise that appellant

would pay him back.[1] The appellant was not to return the check given but, to the contrary, was given consent and permission to cash the check. Thus, the matter stood in the nature of the appellant receiving $560.00 to be repaid in 30 days, together with the $440.00 for the rent or a total of $1,000.00 was to be repaid. This the appellant failed to do.

■ The fact that false representations pertain to future happenings does not render the evidence insufficient in a proper case. The rule is that false promises or representations as to future happenings by which a person is induced to part with his property may form the basis of the offense of theft by false pretext so long as the proof shows that such promises were false *ab initio*. Hilliard v. State, Tex.Cr.App., 401 S.W.2d 814; Johnson v. State, 144 Tex.Cr.R. 392, 162 S.W.2d 980.

■ Further, it must appear that the false pretext was the inducing cause which moved the injured party to surrender the property in question. Cleveland v. State, Tex.Cr.App., 438 S.W.2d 807. If the injured party knows, or by the exercise of ordinary prudence should know, at the time he parts with possession of the property that the pretext is in fact false, he cannot rely thereon; and the offense of theft by false pretext cannot arise. Deitle v. State, Tex.Cr.App., 363 S.W.2d 939; Thornton v. State, 171 Tex.Cr.R. 565, 352 S.W.2d 742.

■ The .evidence in the instant case fails to satisfy either of the above stated requisites.

First, there is no showing that the promise to repay the sum of $560.00, together with the $440.00 storage fee, at the end of thirty days, which we find to be the inducing cause for Kieschnick's parting with his money, was false ab initio. To the contrary, the evidence shows that $28.00 in commissions were paid to Kieschnick as

partial performance of the rental agreement. The evidence is therefore insufficient to establish the offense of theft by false pretext. Hilliard v. State, supra; Johnson v. State, supra.

Second, Kieschnick's testimony demonstrates his own doubts as to whether the appellant would be able to meet the terms of the agreement. So even had the proof established that Kieschnick parted with the money due to a false pretext, his testimony showed that he believed the pretext to be false. Under our prior holdings, Kieschnick cannot rely on that promise; and the offense of theft by false pretext cannot arise. Deitle v. State, supra; Thornton v. State, supra.

For the reasons stated, the judgment is reversed and the cause remanded.

---

1. He testified: "Yeah. He said 'If something happens to me or him that his wife would give us a check for that $1,000.00 within thirty days'."