Olin FISHER, Appellant,

v.

The STATE of Texas, Appellee.

No. 45367.

Court of Criminal Appeals of Texas.

Nov. 22, 1972.

Rehearing Denied Dec. 20, 1972.

**336**

Melvyn Carson Bruder, Dallas (Court appointed on appeal), for appellant.

Henry Wade, Dist. Atty., Mike G. McCollum, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is theft by false pretext; the punishment, five (5) years.

This case involves a variation of the age-old "pigeon-drop". On the day in question, the appellant approached the complaining witness, advised her that another man had found a billfold containing $210 and invited her to share in the proceeds of the find with them. While appellant and the complaining witness waited, the finder purported to take the billfold to his employer, "Mr. White", the owner of a nearby drugstore, to get change so they could divide the money among themselves. When the finder returned, he informed them that the billfold actually contained $2,210 in cash plus a $750 negotiable bond. The finder related that "Mr. White" had decided to keep the negotiable bond himself and, further, that "Mr. White" would not let them split the cash until appellant, the finder and the complaining witness could "put up" some money, which apparently "Mr. White" would hold as security, to insure that the trio would not spend the cash for five or six months until it could lawfully become the finder's property. Agreeing to do so, the complaining witness withdrew $290 out of $300 she kept at a neighborhood bank. The three then reassembled near the drugstore and appellant and the finder each went into the drugstore separately to see "Mr. White", while the other waited outside with the complaining witness. At "Mr. White's" request, the finder then took the complaining witness' money into the drugstore with him. The complaining witness was then told to wait in front of the drugstore "and [Mr. White] would come out and bring [her] the sack".

The complaining witness became suspicious almost immediately. She went into the store which the appellant told her "Mr. White" owned and discovered "Mr. White" did not exist.

Appellant was convicted of the theft of the $290 approximately four months after this transaction occurred.

Appellant's sole contention is that the evidence is insufficient to support the verdict. Specifically, he claims there is no evidence to show the appellant would not have returned the $290 to the complaining witness in five or six months, as promised.

In Kinder v. State, Tex.Cr.App., 477 S.W.2d 584, we said:

"The fact that false representations pertain to future happenings does not render the evidence insufficient in a proper case. The rule is that false promises or representations as to future happenings by which a person is induced to part with his property may form the basis of the offense of theft by false pretext so long as the proof shows that such promises were false ab initio. Hilliard v. State, Tex.Cr.App., 401 S.W.2d 814; Johnson v. State, 144 Tex.Cr.R. 392, 162 S.W.2d 980."

The fact that, in the case at bar, "Mr. White" did not exist proves that appellant's promise was "false ab initio".

Finding no reversible error, the judgment is affirmed.