**Earnest COX, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–82–00593–CR.**

Court of Appeals of Texas, Dallas.

July 25, 1983.

Discretionary Review Refused Dec. 7, 1983.

John H. Read, Grand Prarie, for appellant.

Henry Wade, Dist. Atty., Gilbert P. Howard, Asst. Dist. Atty., for appellee.

Before STOREY, WHITHAM and ROWE, JJ.

WHITHAM, Justice.

Appellant appeals from a conviction for theft of property of the value of $200 or more but less than $10,000 in which punishment, enhanced, was assessed by the court at life in the Texas Department of Corrections. Appellant asserted two grounds of error, but at oral argument waived the second. In his first ground of error appellant contends that "the evidence is insufficient to show a crime of theft in that the evidence shows at most a mere breach of contract." Because the evidence is insufficient to show theft, we conclude that appellant was sentenced to life in the penitentiary as the result of a civil dispute arising out of a kitchen remodeling job undertaken by appellant for complainant. Accordingly, we reverse and order a judgment of acquittal.

Complainant was the sole witness for the State. We narrate the facts from her testimony. In late August of 1981, complainant, a 38 year old self-employed businesswoman, contacted appellant to do some home repair work after seeing his advertisement in a newspaper. Complainant had recently purchased a house which she had not yet moved into and the air conditioner needed repair. Appellant came to complainant's newly purchased house and repaired the air conditioner as well as doing some plumbing work on a clogged sink for which she paid him "around a hundred dollars." At that time they discussed additional work that needed to be done in the kitchen. Complainant told appellant the brand name of the appliances she wanted installed and he gave her an estimate of $600.00 including labor needed to purchase a stove, oven, range top and the Vent-A-Hood. He did not give her a price for a countertop at this time. On Wednesday, September 2, 1981, appellant went to complainant's house and

complainant paid him $600.00 in cash. Later that day appellant returned with the oven but did not connect it. The value of the oven was stipulated to be from $350.00 to $385.00. Early the next morning appellant returned to complainant's house and placed the oven in the designated space but did not connect it as gas and electrical work was required. Appellant told complainant he had not been able to obtain the other appliances when he picked up the oven, but that he was going back for them and needed an additional $160.00 for a countertop including labor. Complainant gave $160.00 in cash to appellant. Appellant told complainant he would need to put the countertop and sink down at the same time. Complainant had previously purchased a stainless steel sink at Sears but it had not been able to deliver the sink. Appellant told her he would pick the sink up with everything else. Complainant gave appellant the receipt for the sink and he indicated he would return that evening and finish everything. He did not return that day nor did he leave a message on complainant's telephone message recorder. The next day complainant went to appellant's residence. Complainant observed an unopened box with a label indicating it contained a Sears stainless steel sink in the back of appellant's car. Complainant asked appellant why he had not returned and he replied that he had not been able to get in touch with her and that he could have finished the job if she had given him a key to the house. (Complainant later testified appellant never asked her for a key.) Complainant declined to give appellant a key and appellant told her he would come over that evening to complete the job. Appellant failed to do so. The next three days were the labor day weekend. Appellant did not return on Tuesday, September 8. That night complainant telephoned appellant but was able to speak only with appellant's father-in-law. On Wednesday, September 9, complainant went to appellant's home. No one answered the door. She then contacted the police and a justice of the peace. Their recommendations were unsatisfactory to her. She again telephoned appellant. Appellant refused without explanation to finish the job, deliver the appliances or return the money. Complainant threatened appellant with arrest. He replied that she could not have him arrested. Sometime later appellant telephoned complainant and told her he was returning the sink to Sears, that she could pick it up there and that he would mail her the money (amount unspecified). Complainant telephoned Sears and was told the sink had not been returned. Complainant never received any money from appellant. Neither appellant nor complainant ever spoke again.

The record reflects that complainant was not always present when appellant was working in her home and appellant could have done some additional work that she did not know about, though it would have been outside their agreement. At some point appellant took a door off of a cabinet, sawed off a part of a cabinet in order to install a dishwasher and removed the old Vent-A-Hood. The record also reflects that difficulties between complainant and appellant arose from appellant's perceived inability to gain access to the premises in order to do the work. Complainant admitted there may have been times when appellant came by and they could have missed each other as she had not moved into the house, had an apartment to take care of and a business to operate. Complainant admitted that appellant "performed a great deal of the services that he said he did," or that complainant "agreed for him to do."

We turn now to a consideration of whether this evidence proved that appellant committed a theft. The State asserts that under the theft statute, Tex.Penal Code Ann. art. 31.03 (Vernon Supp.1982–1983), "[t]he question involved is simple enough. It is whether the evidence was sufficient to warrant the finding that the representation of appellant induced complainant to pay him the money and at the time of taking it Appellant had the intent to deprive her thereof," citing *Kinder v. State,* 477 S.W.2d 584, 586 (Tex.Cr.App.1971).

We conclude that complainant's admission that appellant "performed a great deal of the services that he said he

did" or that complainant "agreed for him to do" clearly negates that any representation or promise by appellant was false at the time complainant surrendered any of the money to him. *Kinder,* 477 S.W.2d at 586. We conclude further that the evidence in the present case established no more than a dispute over appellant's performance of a kitchen remodeling contract. Given the extent of appellant's admitted performance of services, appellant had the right to retain the amounts paid and litigate in a civil action his right to all or part of the $760.00. A disputed claim over ownership of property does not authorize a conviction for theft. *See Bryant v. State,* 627 S.W.2d 180, 183 (Tex.Cr.App.1982) (evidence insufficient to support conviction for theft of landscaping plants where controversy between two parties to a verbal landscaping construction contract centered not upon removal of plants from the job site but upon the work progress and periodic payments therefor). The mere fact that one fails to return or pay back money after failing to perform a contract, for the performance of which the money was paid in advance, does not constitute theft. *Hesbrook v. State,* 149 Tex. Cr.R. 310, 194 S.W.2d 260, 262 (1946) (evidence insufficient to support theft conviction in case of agreement to bring back complainant's son from the army in Italy during World War II for $400.00). We conclude, therefore, that the State failed to establish that at the time of taking any money from complainant, "appellant had the intent to deprive her thereof." Thus, we hold that the evidence is insufficient to establish theft. Appellant's first ground of error is sustained.

We reverse and remand to the trial court with instructions to render a judgment of acquittal. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1977); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1977).