**Antonio MARTINEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–86–007–CR.**

Court of Appeals of Texas,
Corpus Christi.

Nov. 6, 1986.

Juan Perales, Robstown, for appellant.

Carlos Valdez, Co. Atty., Corpus Christi, for appellee.

Before NYE, C.J. and KENNEDY and BENAVIDES, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a conviction of misdemeanor theft under TEX.PENAL CODE ANN. § 31.03(a), (e)(3) (Vernon Supp.1986). Both guilt and punishment were determined by the court. Restitution and a fine of $500.00, $250.00 probated for six months, were assessed as punishment. We reverse.

Appellant's sole ground of error is a challenge to the sufficiency of the evidence to support the conviction. The standard of review in determining sufficiency of the evidence to support a conviction is to consider the evidence in the light most favorable to the judgment. *Houston v. State*, 663 S.W.2d 455, 456 (Tex.Crim.App.1984).

Appellant bought a car stereo radio from the complainant, Carlos Lopez, for $230.00. Lopez installed the radio (radio 1) in appellant's car and gave him a one-year replacement warranty. A few weeks later, appellant's wife called Lopez complaining that the radio was malfunctioning. Lopez testified he offered to replace the radio. He said he did not offer to return appellant's money and take back the defective radio.

The parties argued over the issue for a time. Then, Lopez testified, appellant agreed to accept a replacement and to allow one of Lopez' workers to come to appellant's residence and replace the defective radio with a new one. Lopez sent one of his workers, Rodriguez, to appellant's house with two new radios exactly like the defective radio. One of the new radios was in a plastic wrapper, and one was still in its box (radio 2).

Appellant would not allow Rodriguez to take radio 1 out of his car and install radio 2. Instead, appellant kept both radio 1 and one of the new radios (apparently radio 2). Rodriguez testified to several versions of what appellant told him: "[T]his radio is going to stay here, I am not going to give it back to you.... [T]ell Carlos, you know, for Carlos to come and pick up the radio.... [T]his radio stays here, tell Carlos if he wants the radio it is here, or to send the money.... [T]ell him to send me the money and if he wants to hook it out, I am here." (Translated from Spanish.)

Needless to say, appellant's version of the agreement was quite different from Lopez'; yet, we must only consider the evidence favorable to the judgment. Lopez testified that, even under his version of the

agreement, he was only entitled to have back radio 1, not the new one. However, he said his complaint was that appellant took and kept radio 2. At the time of trial, it was undisputed that radio 1 was still in the dashboard of appellant's car, and radio 2 was still in its original box and still in appellant's possession.

The State zeroed in on radio 2 when it argued that the parties' agreement was for replacement, not rescission, and that appellant unilaterally attempted to change the terms of the contract by unlawfully appropriating radio 2. The State's only evidence regarding appellant's "intent" in keeping the radios was the testimony of Rodriguez, which, even when viewed in the light most favorable to the verdict, can only be characterized as equivocal, ambiguous and contradictory. Rodriguez' various versions of what appellant told him to tell Lopez ranged from a threat of violence to a request that Lopez install the radio himself.

TEX.PENAL CODE ANN. § 31.03(a) defines theft as unlawfully appropriating property with the intent to deprive the owner of the property. It was undisputed from the record that appellant's act of keeping both radios was an attempt to force Lopez to return the $230.00 that appellant had paid for radio 1. The State, relying on its replacement theory of the agreement between the parties, argues that this act constitutes an offense because appellant was not entitled to keep both radios until Lopez returned the money, as the warranty only provided for replacement. Even under this theory, Lopez' own testimony indicated that the appellant was entitled to keep radio 2, the radio the State contends constituted the theft. *See Cox v. State*, 658 S.W.2d 668 (Tex.App.—Dallas 1983, pet. ref'd).

It seems to us that the appellant was, in effect, exercising a possessory lien to assure the return of his money, not the criminal act of appropriating the property of another with intent to deprive the owner of his property. We hold that the evidence that we must consider is not sufficient to prove the requisite intent for theft beyond a reasonable doubt.

The judgment of the trial court is reversed, and judgment is here rendered to enter a judgment of acquittal.

KENNEDY, J., dissents.

KENNEDY, Justice, dissenting.

I respectfully dissent. "Theft" is correctly stated by the majority to be "unlawfully appropriating property with the intent to *deprive* the owner of the property (emphasis mine)." Tex.Penal Code Ann. § 31.-03(a) (Vernon 1974). Tex.Penal Code Ann. § 31.01(3) (Vernon Supp.1986) defines "deprive" as follows:

(3) Deprive means:

(A) * * *

(B) to restore property only upon payment of reward or other compensation. . . .

As the majority states, it was apparently noted that appellant's act of keeping both radios was an attempt to force Lopez to return the $230.00 appellant paid for radio number one.

We must view the evidence in the light most favorable to the judgment. *Houston v. State*, 663 S.W.2d 455, 456 (Tex.Crim. App.1984). When we do this we have a case where appellant held property of another and offered to restore it only upon payment of a reward, i.e., the payment of $230.00 cash to which he was not entitled.

This was not a serious crime, as apparently was noted by the trial court in assessing a relatively mild punishment. Nevertheless, it was a crime and the findings of the trial court should be upheld. I would affirm.