Opinion issued on February 12, 2004.









 
   


In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00950-CR




JAMES TODD BOGIA, III, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 230th District Court
Harris County, Texas
Trial Court Cause No. 895930




MEMORANDUM OPINION 

          A jury convicted appellant, James Todd Bogia, III, of aggregate first-degree
felony theft of property over $200,000, and the trial court sentenced him to 25 years
confinement and a $5,000 fine. On appeal, appellant contends that the trial court
erred in refusing to (1) grant appellant’s motion for directed verdict because there was
insufficient evidence of appellant’s intent and (2) instruct the jury that the amount
appellant was charged with stealing from his employer should be offset by the value
of the work that he performed for his employer. We affirm.
BACKGROUND
          Appellant, using the assumed name, identity, and educational qualifications of
“Michael Wilting,”


 was employed as an environmental engineer by Air Liquide
Corporation (AL). As part of his job responsibilities, appellant reviewed bids and
awarded contracts to vendors for the remediation of AL’s unused lime ponds. While
working for AL, appellant and his wife also formed three remediation companies. 
Appellant did not have an environmental engineering degree and his wife had no
training or education as a remediation expert or as an engineer. 
          Appellant wrote bid proposals to AL to perform remediation services at various
sites. Although written by appellant, the bid proposals purported to come from
employees of his companies. In violation of AL’s internal conflicts of interest
policies and his employment contract, appellant did not disclose his interest in his
companies to AL. Appellant, on behalf of AL, then awarded remediation contracts
to his companies, and AL paid appellant in excess of $450,000 under these contracts. 
What work appellant did as an environmental engineer for AL was inadequate or had
to be redone. Much of the work that appellant promised to do, and his companies
were paid in advance to do, was never done at all. Appellant converted the monies
paid to his companies under these contracts to his personal use. 
SUFFICIENCY
          In his first point of error, appellant contends that the trial court erred in denying
his motion for directed verdict because the evidence was legally and factually
insufficient to establish appellant’s intent to commit theft. 
Standard of Review
          Although appellant phrases his challenge to the trial court’s ruling on his
motion for directed verdict as one of legal and factual sufficiency, the law is
well-settled that a challenge on appeal to the denial of a motion for directed verdict
is a challenge to the legal sufficiency, not the factual sufficiency of the evidence. See
Williams v. State, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996); Turner v. State, 101
S.W.3d 750, 761 (Tex. App.—Houston [1st Dist.] 2003, pet. ref’d). When evaluating
the legal sufficiency of the evidence, an appellate court must view the evidence in the
light most favorable to the jury’s verdict and determine whether any rational trier of
fact could have found the essential elements of the offense beyond a reasonable
doubt. Swearingen v. State, 101 S.W.3d 89, 95 (Tex. Crim. App. 2003). 
 
Theft
          The offense of theft occurs when a person unlawfully appropriates property
with intent to deprive the owner of the property. Tex. Pen. Code Ann. § 31.03
(Vernon Supp. 2004). To “appropriate” means to acquire or otherwise exercise
control over property. Tex. Pen. Code Ann. § 31.01(4)(B) (Vernon Supp. 2004). 
Appropriation of property is unlawful if it is “without the owner’s effective consent.” 
Tex. Pen. Code Ann. § 31.03(b)(1). Further, where “amounts are obtained [by theft]
pursuant to one scheme or continuing course of conduct, whether from the same or
several sources, the conduct may be considered as one offense and the amounts
aggregated in determining the grade of the offense.” Tex. Pen. Code Ann. § 31.09
(Vernon Supp. 2004). A theft offense is a felony of the first-degree if the value of the
property stolen is $200,000 or more. See Tex. Pen. Code Ann. § 31.03(e)(7).
          Appellant argues that the evidence was insufficient to show that he had the
requisite criminal intent to deprive AL of funds for two reasons. First, the evidence
at trial established that he had made his best efforts to fulfill all of his contractual
agreements with AL, as evidenced by his evaluation reports, and the State failed to
present evidence showing the contrary. Second, although appellant admits that the
dealings of his companies violated AL’s policies, these violations cannot be evidence
of his criminal intent. Citing Wilson v. State, 663 S.W.2d 834, (Tex. Crim. App.
1984); Peterson v. State, 645 S.W.2d 807 (Tex. Crim. App. 1983); Phillips v. State,
640 S.W.2d 293 (Tex. Crim. App. 1982); and Cox v. State, 658 S.W.2d 668 (Tex.
App.—Dallas 1983, pet. ref’d), appellant argues that these circumstances are merely
evidence of a civil contractual dispute and the evidence in this case does not support
a finding of criminal intent. We disagree.
           In each of the cited cases, the only evidence of “theft” was a failure to perform
as contracted; there was no showing of additional evidence of deceptive actions or
intent to deprive. Here, unlike in the cases cited by appellant, the record provides
evidence of both appellant’s failure to contractually perform and deceptive conduct,
not merely a failure to perform. The record shows that, when applying for a job with
AL, appellant represented false qualifications by illegally assuming another person’s
identity, complete with sufficient credentials to qualify for the environmental
engineer position. Stephanie Payne, an environmental law attorney for AL and a
director of the quality control group, testified that AL would not have hired appellant
had it known that appellant did not even possess a bachelor’s degree.
          The record reflects that appellant violated AL’s company policy by creating
fictitious companies to act as vendors for AL without disclosing his self-interest. 
Appellant took advantage of confidential information that he possessed to ensure that
AL would award his companies contracts. The record revealed that appellant
deprived other competing vendors of contracts by ensuring that his companies
submitted the lowest bids. 
          Several AL representatives testified that, if they had known that appellant lied
about his identity, failed to hold an engineering degree, and failed to disclose
connections with his companies, and had they known that appellant’s companies were
inexperienced, they would not have initially hired him, or, hired his companies, and
they would have recommended his immediate termination from AL.
          The record produced ample evidence of appellant’s intent to steal and deceive. 
The evidence revealed that appellant worked to gain AL’s trust as a prelude to asking
for even more money, while performing inadequately or completely failing to
perform. AL employees testified that AL had to invest additional resources to correct
appellant’s work and to pay subcontractors purportedly already paid for by
appellant’s companies.
          The testimony at trial revealed that appellant’s companies billed AL for
additional monies, above and beyond the original proposal submitted to AL. Through
his companies, appellant charged AL multiple times for work already invoiced. AL
employees also testified that appellant’s check requests for down payments submitted
before his companies ever began or completed work appeared unusual and abnormal
for industry practices. 
          By deceiving AL as to his qualifications, appellant caused AL and the
environment harm. He violated environmental and safety regulations by covering 
up lime ponds with dirt instead of completing proper remediation work, hired
unskilled laborers, and dumped thousands of gallons of water with a high pH level
onto other properties and into ditches instead of disposing of the water properly. 
          Accordingly, the State produced sufficient evidence showing that appellant
obtained his position at AL by deception, and that, once obtained, appellant had the
intent to deprive AL of its money. Any rational finder of fact could have found all
the elements of the offense, including the requisite criminal intent, beyond a
reasonable doubt. See Houston v. State, 663 S.W.2d 455, 456 (Tex. Crim. App.
1984). We find that the evidence was legally sufficient to support the jury’s verdict. 
Thus, the trial court properly denied appellant’s motion for directed verdict. 
           We overrule appellant’s first point of error.
                                                   JURY CHARGE
          In his second point of error, appellant contends that the trial court erred in
failing to instruct the jury that the amount appellant was charged with stealing from
his employer should be offset by the value of the work that he performed for his
employer. 
Standard of Review When a complaint is raised on appeal regarding error in the trial court’s charge
to the jury, a reviewing court must determine whether the charge was erroneous, and,
if so, whether the error was harmful to the defendant. Almanza v. State, 686 S.W.2d
157, 171 (Tex. Crim. App. 1984).
The Requested Instruction
          To be entitled to the requested offset instruction, appellant must prove by a
preponderance of the evidence any value he conferred upon AL. Tex. Pen. Code
Ann. § 31.08(d) (Vernon 2003). Section 31.08(d) of the Texas Penal Code states, in
pertinent part, as follows:
If the actor proves by a preponderance of the evidence that he gave
consideration for or had a legal interest in the property . . . stolen, the
amount of the consideration with the value of the interest so proven shall
be deducted from the value of the property . . . ascertained under
Subsection (a) . . . to determine the value for purposes of this chapter.

Id. (emphasis added).  
          Here, although appellant requested an offset instruction, he failed to introduce
any evidence regarding the amount of value he conferred on AL.


 The record
revealed that the “benefit” or work performed by appellant for AL actually harmed
AL and caused AL to spend more money correcting appellant’s work. The record
indicates that AL paid twice for some services. Further, although the record reveals
that AL paid appellant and his companies a total of $451,342.33, the State only
charged appellant with “theft over $200,000.” We find that appellant did not produce
any evidence of any value conferred upon AL. Accordingly, we hold that the trial
court did not err in denying appellant’s request for an offset value charge. 
          We overrule appellant’s second point of error.
                                                   Conclusion
           We affirm the judgment of the trial court.


                                                             George C. Hanks, Jr.
                                                             Justice

Panel consists of Justices Taft, Nuchia, and Hanks.

Do not publish. Tex. R. App. P. 47.4